**SHAPIRO, BERNSTEIN & CO., Inc.,**
**Plaintiff-Appellee,**

v.

**JERRY VOGEL MUSIC CO., Inc.,**
**Defendant-Appellant.**

**No. 181, Docket 23385.**

United States Court of Appeals
Second Circuit.

Submitted Feb. 11, 1955.

Decided April 18, 1955.

Rehearing Denied June 8, 1955.
See 223 F.2d 252.

Lee V. Eastman, New York City, for plaintiff-appellee.

Edwin McMahon Singer, New York City (Leo E. Falkin, New York City, of counsel), for defendant-appellant.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and SMITH, District Judge.

SMITH, District Judge.

This is an appeal from an interlocutory judgment holding defendant an infringer of the renewal copyright in the instrumental music of "12th Street Rag", and holding defendant on its counterclaim

not entitled to rights in the renewal copyright of a song by the same title. D.C.S.D.N.Y., 115 F.Supp. 754.

Euday L. Bowman had composed the piece as an instrumental piano solo in 1914. Bowman in 1916 by assignment transferred all his rights in the piece, including renewal rights, to J. W. Jenkins Music Company. In 1918 the Jenkins Company employed James S. Sumner to write a lyric for Bowman's music and Jenkins copyrighted the song in 1919. Plaintiff-appellee later acquired all renewal rights in the instrumental music and the renewal copyrights therein, and claims renewal rights in the song by assignment from the Jenkins Company.

In 1947 Sumner assigned to appellant Vogel Company all his rights in the song, including renewal rights. Appellant Vogel Company thereafter filed a claim with the Register of Copyrights to the renewal rights in the song, and published the song with Bowman's music and Sumner's lyric.

The trial court found that Sumner wrote the lyric as a special job assignment, outside the line of his regular duties for the Jenkins Company. This finding is not attacked on appeal.

■ It followed that Sumner had an author's rights in his product. His right to an original copyright passed to Jenkins under his original contract with Jenkins to write a lyric for Bowman's music. But his renewal rights he retained until his assignment to the appellant Vogel Company in 1947 as above stated. It is not disputed that appellant Vogel Company now possesses whatever Sumner's rights were in the renewal copyright of the song.

The trial court held that when the Jenkins Company, in the exercise of a right incidental to its ownership of the Bowman copyrights, engaged Sumner to write the lyric, the result was a "composite" of Bowman's music and Sumner's lyric, and not a "joint" work; that the copyright on the "new work" protected only the new matter, the lyric; and that appellant had no right to publish the song without permission of plaintiff-appellee, holder of the rights in the copyrights of the music. In the trial court's view, in order to characterize the song in question as a "joint" work, rather than "composite", under the test laid down by this court in Edward B. Marks Music Corp. v. Jerry Vogel Music Co., 2 Cir., 140 F.2d 266, and Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 2 Cir., 161 F.2d 406, certiorari denied 331 U.S. 820, 67 S.Ct. 1310, 91 L.Ed. 1837, the authors must not only have intended their contributions to be complementary in the sense that they were to be performed as a single work, but the first author must have had an intent at the time of his composition of the music that lyrics be added later.

■ In neither the Marks nor Shapiro case, however, was the collaboration after the original author had assigned all his rights that he could assign. We feel that the rule of these cases, as extended to the facts of the case at bar, should make the test the consent, by the one who holds the copyright on the product of the first author, at the time of the collaboration, to the collaboration by the second author. That is to say that ordinarily we look to the consent of the first author to see whether or not we have a joint work; when the first author has assigned away all his rights which he can assign, we look to the intent of the assignee. In the case at bar, when the assignee Jenkins procured the writing of the lyrics, Jenkins' intent was that lyrics and music be performed together as a single work, a song. That intent should govern. Since that intent was to merge the two contributions into a single work to be performed as a unit for the pleasure of the hearers we should consider the result "joint" rather than "composite". The result reached in the district court would leave one of the authors of the "new work" with but a barren right in the words of a worthless poem, never intended to be used alone. Such a result is not to be favored.

Defendant-appellant Vogel Company therefore should be held to have

rights in the renewal copyright of the joint work, which provides it a good defense to plaintiff's action. This holding also destroys plaintiff's defense to the defendant's counterclaim. When Sumner in 1947 filed a timely claim for renewal of the copyright on the song and, also in 1947, assigned all his renewal rights in the song to defendant appellant Vogel Company, Vogel Company acquired an interest in the renewal rights on the song. It is entitled to an accounting from the plaintiff-appellee, which obtained a renewal thereof in its sole name, of the proceeds received from the exploitation of the copyright for the renewal term and to a decree for the amount found by the district court to be its equitable share of such proceeds. Cf. Maurel v. Smith, D.C.S.D.N.Y., 220 F. 195, affirmed 2 Cir., 271 F. 211.

The judgment must be reversed and remanded for judgment for defendant dismissing the complaint, and for judgment on the counterclaim for an accounting.

Reversed and remanded for entry of judgment in accordance with this opinion.