**Roger M. GORDON, Plaintiff,**

**v.**

**VINCENT YOUMANS, INC. and Miller Music Corporation, Defendants.**

United States District Court
S. D. New York.
April 23, 1965.

Edward M. Cramer, Herbert Stern, New York City, for plaintiff.

Julian T. Abeles, New York City, for defendant Miller Music Corp.

Silver, Bernstein, Seawell & Kaplan, New York City, for defendant Vincent Youmans, Inc.

BONSAL, District Judge.

In this diversity action filed on August 5, 1963, plaintiff, son of the late Mack Gordan, seeks (a) a declaratory judgment establishing his partial ownership of the copyright renewal term to the musical composition "Time On My Hands" and (b) for an accounting of the royalties thereon. Plaintiff now moves for partial summary judgment to establish his partial ownership of the copyright renewal term.

The facts, briefly stated, are that Mack Gordon, in collaboration with another, wrote the lyrics for "Time On My Hands", the music being composed by the late Vincent Youmans. The work was copyrighted by Vincent Youmans, Inc. on October 31, 1930 as an unpublished work, and on December 16, 1930 as a published work. Shortly before the copyright was registered, on or about August 12, 1930 Mack Gordon and Vincent Youmans, Inc. entered into an agreement under which Mack Gordon assigned to Vincent Youmans, Inc. all rights in any songs which he might write, including his rights to copyright renewal. Evidence has been submitted that Mack Gordon and Vincent Youmans, Inc. entered into a second agreement on December 18, 1930 cancelling the August agreement and again providing for the assignment by Mack Gordon to Vincent Youmans, Inc. of his renewal rights.[1] Whether the December agreement was ever entered into is immaterial since on March 11, 1931 Vincent Youmans, Inc. executed and delivered to Mack Gordon a general release covering all prior contracts, agreements and promises. On the same day the general release was delivered to Mack Gordon, he entered into an agreement with the other defendant, Miller Music Corp., assigning his rights to 19 songs listed on Schedule

---

[1]. The December agreement has not been proved. The original was not produced, and the copy submitted by the defendant Miller Music Corp. does not show that it was ever signed by Mack Gordon. Neither the December nor the August agreement was ever filed with the Copyright Office as an assignment of renewal rights, pursuant to 17 U.S.C. § 30.

A, which agreement contains the following preamble:

" * * * the Authors were heretofore under contract to Vincent Youmans, Inc. in respect to the foregoing musical numbers listed in 'Schedule A', from which contracts the Publisher has obtained releases for the Authors by the payment of substantial consideration, * * *."

"Time On My Hands" was not included in Schedule A of the agreement, but it appears that a few months later, on September 10, 1931, defendant Vincent Youmans, Inc. entered into an agreement with Miller Music Corp. by which the former purported to assign its rights in "Time On My Hands" to the latter. There is no evidence of any agreement or assignment from Mack Gordon to either of the defendants of his rights in "Time On My Hands" subsequent to March 11, 1931.[2]

The original copyright term on the composition expired in 1958 while Mack Gordon was still alive. In 1957 the defendant Miller Music Corp., naming Mack Gordon as a co-author, renewed the copyright. Mack Gordon died in February 1959, and in February 1963 his executor assigned to the plaintiff, pursuant to his will, 50% of all of decedent's rights in musical compositions, specifically including any right he may have had in the copyright renewal of "Time On My Hands".

From the foregoing, it is clear that whatever rights of Mack Gordon's defendant Vincent Youmans, Inc. had to the composition were returned to Mack Gordon by the general release of March 11, 1931, and that Gordon's rights to this composition were not assigned to the defendant Miller Music Corp. by the agreement entered into on the same day. Moreover, at the time of the agreement of September 10, 1931 under which Vincent Youmans, Inc. purported to assign to Miller Music Corp. its rights in the composition, it had no rights of Gordon's to assign.

It follows that Mack Gordon was entitled to the renewal of the copyright before the expiration of its first 28-year term.

■ Under his will, Mack Gordon bequeathed 50% of his rights to the plaintiff and, therefore, the plaintiff is now entitled to 50% of Mack Gordon's claim to the renewal rights of the composition. It may be argued that since Mack Gordon failed to renew the copyright within the period permitted by the statute, and since Miller Music Corp. had no right to renew the copyright as to Mack Gordon, that all renewal rights lapsed and the composition went into the public domain. 17 U.S.C. § 24. However, in the assignment of September 10, 1931, Vincent Youmans, Inc. (Vincent Youmans, president) assigned all its interest in the composition to Miller Music Corp. and no issue has been raised that the corporation did not acquire whatever rights Youmans had individually. The assignment, therefore, although invalid as an assignment of Gordon's rights, was valid as to Youmans' rights, and it follows that Miller Music Corp. had authority to renew on behalf of Youmans, one of the co-owners of the composition.[3] Tobias v. Joy Music, Inc., 204 F.Supp. 556 (S.D. N.Y.1962). In renewing the copyright, Miller Music Corp. held the renewal copyright as constructive trustee on behalf of the other co-owners, including Mack Gordon. Silverman v. Sunrise Pictures

---

2. Of course it may be that the failure to include "Time On My Hands" in Schedule A of the agreement of March 11, 1931 was inadvertent—possibly a typographical error in transcribing Schedule A. However, if that was the case, there was ample time to correct it while both Youmans and Gordon were alive, and it would seem that it would have been corrected before Vincent Youmans, Inc. entered in-

to an agreement on September 10, 1931 with Miller Music Corp. assigning its rights to "Time On My Hands".

3. Vincent Youmans died in April 1946 prior to the copyright renewal, so that his heirs may also have an interest in the renewal. Miller Music Corp. v. Chas. N. Daniels Co., 362 U.S. 373, 80 S.Ct. 792, 4 L.Ed.2d 804 (1960). However, this issue is not before the Court.

Corp., 273 F. 909, 19 A.L.R. 289 (2d Cir. 1921), modified 290 F. 804 (2d Cir. 1923); Edward B. Marks Music Corp. v. Jerry Vogel Music Co., 140 F.2d 266 (2d Cir. 1944); Edward B. Marks Music Corp. v. Wonnell, 61 F.Supp. 722 (S.D.N. Y.1945); Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 221 F.2d 569 (2d Cir. 1955), modified 223 F.2d 252 (2d Cir. 1955).

Accordingly, plaintiff's motion for summary judgment will be granted to the extent of entering a declaratory judgment establishing that he is the 50% owner of one-third of the copyright renewal term.

The foregoing disposition makes it unnecessary to consider plaintiff's motion to amend his complaint.

Settle order on notice.