Natalie DONNA, Plaintiff,

v.

DODD, MEAD & CO., INC., et al.,
Defendants.

No. 72 Civ. 5369.

United States District Court,
S. D. New York.

April 19, 1974.

Brumbaugh, Graves, Donohue & Raymond, New York City, for plaintiff; Richard G. Fuller, Jr., Karl F. Milde, Jr., New York City, of counsel.

Stern & Reubens, New York City, for defendants Dodd, Mead & Co., Inc. and Rosemary Casey; Harry Buchman, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

Plaintiff, Natalie Donna, and defendant, Peter Larsen, are co-authors of a children's book entitled *Boy of the Masai*, the former having provided the text and the latter illustrative photographs. The work was published in January, 1964, by defendant, Dodd, Mead & Company ("Dodd, Mead"). Subsequently, Larsen and his wife, also a defendant here, collaborated on three books entitled

*Boy of Nepal, Boy of Dahomey* and *Boy of Bolivia*, using substantially the same format as the original book. These works were also published by Dodd, Mead.

According to the complaint, Donna and Larsen are "sole proprietors" of the copyright on *Boy of the Masai*. (Complaint, par. 8.) Donna claims that publication of the three later works was unlawful and seeks damages for 1) infringement of her copyright on *Boy of the Masai*; 2) conspiracy to infringe the copyright; and 3) unfair trade practices and unfair trade competition. Dodd, Mead [1] moves to dismiss the complaint on the ground that the first and second causes of action do not state a claim upon which relief can be granted, because Larsen is a joint owner of the copyright and the other defendants are his licensees, and that the third claim must be dismissed for lack of jurisdiction.

■ It is settled law, which Donna does not dispute, that a joint owner of a copyright and his licencees cannot be liable to a co-owner for copyright infringement (*see* Edward B. Marks Music Corp. v. Jerry Vogel Music Co., (*"Marks"*), 140 F.2d 266 (2d Cir. 1944)), since a copyright owner cannot infringe his own copyright (Richmond v. Weiner, 353 F.2d 41 (9th Cir. 1965) cert. denied, 384 U.S. 928, 86 S.Ct. 1447, 16 L.Ed.2d 531 (1966)). Donna contends, however, that *Boy of the Masai* is not a joint, but a composite work, and that she and Larsen possess separate copyrights for their respective contributions, rather than undivided ownership in the entire work. The argument flies in the face of the law of this Circuit.

■ Although traditionally creation of a joint work required a common design which existed before the elements of the work were produced, that requirement has been considerably eroded. Nimmer on Copyright § 69. In *Marks, supra*, the Court of Appeals for this Cir-

cuit held that a joint work can result from the labors of persons who are strangers to each other and who work at different times, if each contributor contemplates that his work will form part of a whole to which someone else will also contribute. *See also* Shapiro, Bernstein & Co., Inc. v. Jerry Vogel Music Co., Inc. (*"Melancholy Baby"*), 161 F.2d 406 (2d Cir. 1946). Subsequently, the preconcerted design standard for joint authorship was further relaxed in Shapiro, Bernstein & Co., Inc. v. Jerry Vogel Music Co., Inc. (*"12th Street Rag"*), 221 F.2d 569, modified on rehearing, 223 F. 2d 252 (2d Cir. 1955). *12th Street Rag* held that, even if at the time one element of a joint work is created no intent to contribute to a joint work exists, if at any time thereafter the author or his assignee conceives and carries out such an intention, the resulting combination will be a joint work.

■ Applying these rules to the present case, it is clear that *Boy of the Masai* is a joint work. Although Larsen's photographs were not taken with Donna's text specifically in mind, it appears that they may have been intended from the start to become part of a joint work with text from another source. Donna's own affidavit states that she was informed by Larsen before she worked with him that he had already submitted the photographs to a publisher and been rejected. (Affidavit of January 22, 1974, par. 4.) If so, their subsequent collaboration would fall squarely within the *Marks—Melancholy Baby* rule. However, even if Larsen had no such intention when he took the photographs, *Boy of the Masai* is a joint work under the *12th Street Rag* approach, because once Larsen and Donna reached agreement on its creation it is evident that Larsen had the intention that his photographs by subsumed into their joint effort. At the very least, Donna's contribution, which came into being solely to complement Larsen's photographs, is jointly owned and can be li-

---

1. The motion is also made on behalf of Rosemary Casey, a Dodd Mead editor.

censed without her consent, subject only to a duty to account. Nimmer on Copyright § 73.1.

Donna concedes that, under the case law discussed above, *"Boy of the Masai* would probably be considered a joint work"*. (Memorandum at 11.) However, she argues that this approach was modified in Picture Music, Inc. v. Bourne, Inc., 314 F.Supp. 640 (S.D.N.Y. 1970), aff'd on other grounds, 457 F.2d 1213 (2d Cir.), cert. denied, 409 U.S. 997, 93 S.Ct. 320, 34 L.Ed.2d 262 (1972). While it is true that *Picture Music* points out that the *Marks—Melancholy Baby—12th Street Rag* approach has been criticized, there is no indication that the court intended to depart from it. Rather, it found that there was no collaboration whatever between the claimed joint authors, no intention conceived at any time by the original author to create a new work and no substantial contribution by any person other than the original author. 314 F.Supp. at 647. As a result, the copyright at issue in *Picture Music* was not jointly owned even under *Marks, Melancholy Baby* and *12th Street Rag.* Moreover, the Second Circuit opinion in *Picture Music* does not consider the joint authorship question. Thus, the earlier cases stand as the law of this Circuit, and we decline plaintiff's invitation to depart from them. Accordingly, the cause of action for copyright infringement fails to state a claim for which relief can be granted.

Since no possibility of copyright infringement existed, the cause of action for conspiracy to infringe does not state a valid claim. It follows that the remaining cause of action for unfair trade practices and unfair competition must be dismissed, since the predicate for pendent jurisdiction has been destroyed. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Inasmuch as decision of this motion, brought by two of the four defendants in this case, depends on the conclusion that there is no merit to plaintiff's claims of copyright infringement and conspiracy against any of the parties and, no jurisdiction over the pendent claim, the complaint is dismissed not only as to the moving parties, but in its entirety.

It is so ordered.