FANTASY, INC., Plaintiff,

v.

John C. FOGERTY, Wenaha Music Co., Warner Bros. Records, Inc., WEA International, Inc., Defendants.

AND RELATED COUNTERCLAIMS.

No. C–85–4929 SC.

United States District Court, N.D. California.

Feb. 24, 1987.

Malcom Burnstein, Burnstein, Walker & Bull, San Francisco, Cal., for plaintiff.

Kenneth Sidle, Gipson, Hoffman & Pancione, Los Angeles, Cal., for defendant Fogerty.

Vincent Cheiffo, Rudin, Richman & Appel, Beverly Hills, Cal., for defendants Warner Bros. & WEA Intern.

ORDER DENYING DEFENDANTS', WARNER BROS. RECORDS AND WEA INTERNATIONAL, INC., MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CLAIM FOR RELIEF

CONTI, District Judge.

Plaintiff brings this action against defendants John C. Fogerty and Wenaha Music Co., (collectively "Fogerty") and Fogerty's licensees, defendants WEA International, Inc. and Warner Bros. Records, Inc. (collectively "Warner") for copyright infringement.

In 1970, Fogerty wrote the song "Run Through the Jungle" ("Jungle"). Later, Fogerty granted the exclusive rights in the Jungle copyright to plaintiff's predecessors, Cireco Music and Galaxy Records. In return, Fogerty was to receive a sales percentage and other royalties derived from the plaintiff's exploitation of Jungle. In 1984, Fogerty wrote the song "The Old Man Down the Road" ("Old Man"). Fogerty registered a copyright to Old Man and then authorized Warner to distribute copies of Fogerty's performance of Old Man. Plaintiff claims Old Man is Jungle with new words and has sued for infringement.

This matter is presently before the court on Warner's motion for summary judgment on plaintiff's claim for copyright infringement. Warner argues that since co-owners of a copyright can not infringe that copyright, neither can a beneficial owner of that copyright. Warner contends that Fogerty is the beneficial owner of the Jungle copyright. Warner concludes that as the beneficial owner's authorized licensee, Warner also can not infringe upon plaintiff's interest in the Jungle copyright. Fogerty joins Warner's motion.

Summary judgment is proper only when there is no genuine issue of material fact or when, viewing the evidence in the light most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir. 1985) Once a summary judgment motion is made and properly supported, the adverse party may not rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Myrtle Nell Catrett*, 477 U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

17 U.S.C. § 101 defines a "copyright owner" as the holder of any one of the exclusive rights comprised in a copyright. The exclusive rights under a copyright include reproduction, preparation of derivative works, public performance or presentation, and distribution and sale. *See* 17 U.S.C. § 106. These exclusive rights can be transferred and owned separately. 17 U.S.C. § 201(d). A copyright owner can sue to protect any of these exclusive rights from infringement. 17 U.S.C. § 501(b). Note, a copyright owner can not infringe upon the particular interest owned by him; nor can a joint copyright owner sue his co-owner for infringement. *Cortner v. Israel*, 732 F.2d 267, 271 (2nd Cir.1984); *Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir.

1984). For the purposes of this motion, Warner admits that plaintiff is the legal owner of the Jungle copyright. Memorandum in Support of Warner's Motion for Summary Judgment, p. 2.

A "beneficial owner" is defined as including "an author who had parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees." *Cortner,* 732 F.2d at 271, *quoting,* H.R.Rep. No. 1476, 94th Cong., 2d Sess. 159, *reprinted in* 1976 U.S. Code Cong. & Ad. News 5659, 5775. A beneficial owner may bring an infringement action to protect his economic interest in the copyright from being diluted by a wrongdoer's infringement. 17 U.S.C. § 501(b); *Cortner,* 732 F.2d at 271. For the purposes of this motion, both Warner and plaintiff agree that Fogerty falls within the definition of a "beneficial owner" of the Jungle copyright. Memorandum in Support of Warner's Motion for Summary Judgment, p. 2; Memorandum in Opposition to Warner's Motion for Summary Judgment, p. 2.

Warner argues that the prohibition against infringement suits between co-owners of a copyright also prohibits an infringement suit by the legal owner of the copyright against the beneficial owner. Warner cites no authority for this proposition. Instead, Warner's authority supports the propositions (1) that a copyright owner or a joint copyright owner cannot infringe upon the particular copyright interest owned by them, *Oddo,* 743 F.2d at 632–33; *Cortner,* 732 F.2d at 271; *Richmond v. Weiner,* 353 F.2d 41, 46 (9th Cir.1965), *cert. denied,* 384 U.S. 928, 86 S.Ct. 1447, 16 L.Ed.2d 531 (1966); *Meredith v. Smith,* 145 F.2d 620, 621 (9th Cir.1944) *Donna v. Dodd, Mead & Co.,* 374 F.Supp. 429, 430 (S.D.N.Y.1974); and (2) that a beneficial owner has standing to bring an infringement suit to protect his economic interest in the copyright. 17 U.S.C. 501(b); *Kamakazi Corp. v. Robbins Music Corp.,* 534 F.Supp. 69, 73–74 (S.D.N.Y.1982). Warner infers from this authority that since the beneficial owner has a "property interest"

in the copyright and can enforce that interest through an infringement suit, prohibitions against infringement suits between copyright co-owners should also apply to suits between a copyright's legal owner and its beneficial owner. Defendant Warner's Reply Memorandum in Support of Motion for Summary Judgment, p. 3–8.

Warner's argument ignores the elementary rationale behind prohibiting infringement suits between copyright co-owners. As joint owners of such exclusive rights as reproduction, preparation of derivative works, public performance, and distribution and sale, each co-owner has "an independent right to use or license the use of the copyright." *Oddo,* 743 F.2d at 633. Thus, the prohibition against infringement suits between copyright co-owners is an outgrowth of the axiom that a copyright owner cannot infringe upon his own copyright. *See Richard,* 353 F.2d at 46.

On the other hand, "beneficial owners" do not have an independent right to use or license the use of the copyright. "Beneficial owners" are described as individuals who have given up these exclusive "use" rights in exchange for a sales percentage or royalties derived from the exploitation of the copyright. *See Cortner,* 732 F.2d at 271, *quoting,* H.R.Rep. No. 1476, 94th Cong., 2d Sess. 159, *reprinted in* 1976 U.S. Code Cong. & Ad. News 5659, 5775. A beneficial owner then has only an *economic interest* in the copyright. This economic interest extends merely to the proceeds derived from *the use of the copyright by its legal owner.*

Since a beneficial owner has no independent right to use or license the copyright, the beneficial owner can infringe upon the legal owner's exclusive rights. A copyright owner can infringe upon any exclusive right which he transfers or grants to another. *See Dodd, Mead & Co., Inc. v. Lilienthal,* 514 F.Supp. 105, 108 (S.D.N.Y. 1981) (publisher granted exclusive right to print, publish and sell book can sue author/grantor for infringement when author/grantor attempted to print and sell book). A beneficial owner has transferred

his exclusive rights over the copyright's use in exchange for an economic interest in proceeds derived from that use. Therefore, if the beneficial owner attempts to exercise the exclusive "use" rights he has transferred, the legal owner of those exclusive rights may seek an action for infringement.

■ In the present case, Fogerty's beneficial interest in the Jungle copyright does not immunize him from an infringement suit brought by plaintiff. Fogerty conveyed all rights in the Jungle copyright to plaintiff's predecessors-in-interest in exchange for the right to receive royalties and a sales percentage. Declaration of Malcolm Burnstein, Exs. A & B. This transfer placed all exclusive rights concerning the use of the Jungle copyright under the plaintiff's sole ownership. *Id.* Therefore, if Fogerty's Old Man is a derivative work of Jungle, then Fogerty has exercised one of the exclusive rights that he previously granted to plaintiff. Under these facts, plaintiff could sue Fogerty for copyright infringement. Fogerty's status as a beneficial owner of the Jungle copyright does not change this conclusion.

Since plaintiff can bring an infringement action against Fogerty, Warner, as Fogerty's licensee, may also be liable to plaintiff for infringement. *See* 17 U.S.C. 501(a). Therefore, the court denies Warner's motion for summary judgment on plaintiff's first claim for relief.

In accordance with the foregoing, it is hereby ordered that:

(1) Warner's motion for summary judgment on plaintiff's first claim for relief is denied.