**L. Philip BEAUDIN, Plaintiff–Appellant,**

**v.**

**BEN AND JERRY'S HOMEMADE,
INC., Defendant–Appellee.**

**No. 1810, Docket 95–7983.**

United States Court of Appeals,
Second Circuit.

Argued June 6, 1996.

Decided Aug. 19, 1996.

Louis P. Beaudin, Burlington, Vt., submitted a pro se brief.

Christopher J. McVeigh, Paul, Frank & Collins, Inc., Burlington, Vt., for defendant-appellee.

Before: NEWMAN, Chief Judge,
JACOBS, Circuit Judge, and CHATIGNY,* District Judge.

JON O. NEWMAN, Chief Judge:

This appeal concerns a claim of copyright infringement of hand-painted artwork on cloth caps, in a design that uses the pattern of the black splotches on a white background seen on Holstein cows. The appeal is brought *pro se* by Louis P. Beaudin, who appropriately styles himself "Louie The Cowman," from the September 8, 1995, judgment of the District Court for the District of Vermont (J. Garvan Murtha, Chief Judge) dismissing his suit against Ben & Jerry's Homemade, Inc. for copyright infringement. *Beaudin v. Ben and Jerry's Homemade, Inc.*, 896 F.Supp. 356 (D.Vt.1995). We agree with the District Court that no protectable elements of appellant's copyright could reasonably be found to have been infringed and therefore affirm.

## Background

Beaudin holds two copyrights for "cow" artwork. In 1988 he obtained a copyright for a fabric design for "Lophdin Jeans," white jeans with black splotches. He calls the product "cow jeans." In 1992, he applied for a copyright on a similar design for use on hats. The Copyright Office initially rejected the application, but approved it after Beaudin acceded to the Office's suggestion to change the description to "artwork on hats." The application characterizes the artwork as "Holstein, Dalmat[ia]n, or Appaloosa spots on hats. However you perceive them." Beaudin hand-paints his "Holstein" patterns on cloth caps, which he calls "cow hats."

* Honorable Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

In 1990 Beaudin sold Ben & Jerry's 12 cow hats for resale at its Montpelier, Vt., store. Thus alerted to the idea of selling caps with Holstein cow patterns, Ben & Jerry's contracted with various manufacturers for production of cow hats.

### Discussion

■ The District Court correctly applied basic copyright principles in concluding that no triable issue was raised by Beaudin's claim that his "artwork on hats" copyright was infringed by Ben & Jerry's cow hats. The idea of placing Holstein-like black splotches on a white background is not the subject of the copyright, which protects only Beaudin's expression of this idea. *See Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 765 (2d Cir.1991); *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.,* 509 F.2d 64, 65 (2d Cir.1974). Indeed, it is doubtful whether taking a pattern that appears in nature and rendering it in a variety of minute variations that inevitably result from hand-painting satisfies even the minimal originality requirement of copyright. Protecting Beaudin's particular renderings of black splotches on a white background against identical copying would run the risk of infringement liability for anyone else who happened to see one of his hand-painted articles and, despite having no intent to replicate, in fact created a fabric design that was indistinguishable from the Beaudin "original."

In this case, we need not go so far as to rule that Beaudin has no protectable features in his copyright, nor need we accept Ben & Jerry's suggestion that hand-painted expressions of an idea can be infringed only by identical copying. If a copyright protected more than the minimal extent of expression evidenced in Beaudin's copyright, the owner might well have protection against those who copied his works and published substantially similar versions, even though the owner himself rendered his protected expression with the variety of slight variations to be expected in hand-painted items.

■ As the District Court ruled, however, whatever aspects of Beaudin's expression of his idea merit protection have indisputably not been infringed by Ben & Jerry's. Where the quantum of originality is slight and the resulting copyright is "thin," infringement will be established only by very close copying because the majority of the work is unprotectable. *See* I William F. Patry, *Copyright Law and Practice* 607, n. 369 (1994). Such close copying has not occurred here. Applying the "ordinary observer" test in the "more discerning" manner appropriate to such cases, *see Folio Impressions,* 937 F.2d at 766, we agree with Chief Judge Murtha that a reasonable trier could not find substantial similarity between Beaudin's and Ben & Jerry's hats. The white background is a minimal feature of Beaudin's hat, but is an extensive feature of the Ben & Jerry's versions of the Holstein splotch pattern.

The judgment of the District Court is affirmed.