James DEBITETTO, D.V.M., Plaintiff,

v.

ALPHA BOOKS, A Simon & Schuster Macmillan Company and Sarah Hodgson, Defendants.

No. 97 CIV. 7532(BDP).

United States District Court, S.D. New York.

May 20, 1998.

Pat Bonanno, Anthony J. Messina, Katonah, NY, for Plaintiff.

Marcia B. Paul, Marni J. Beck, Kay Collyer & Boose, New York, NY, for Defendant Alpha Books.

Stanley L. Kantor, Mesinger Kantor & Flaster, New York, NY, for Defendant Sarah Hodgson.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff James DeBitetto commenced this action against the Alpha Books division of Simon & Schuster ("Simon & Schuster") and Sarah Hodgson, asserting claims for breach of contract; copyright infringement, 17 U.S.C. § 101 *et seq.*; and violation of the Lanham Act, 15 U.S.C. § 1125(a).[1] DeBitet-

---

1. The plaintiff has requested leave to replead the Lanham Act claim as one for copyright infringement.

to alleges, in essence, that two books authored by Hodgson and published by Simon & Schuster unlawfully appropriated copyright protected aspects of his written work.

The defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) or for summary judgment pursuant to Fed.R.Civ.P. 56.[2] For the reasons that follow, defendants' motion is granted in part and denied in part.

## BACKGROUND

DeBitetto, a doctor of veterinary medicine, is the author of the books *You and Your Puppy* (*"Puppy"*), written with Hodgson, and *Puppy Owner's Veterinary Care Book* (*"Veterinary Care"*), which were published by Simon & Schuster in June and November 1995, respectively. Hodgson, a professional dog trainer, is also the author of *The Complete Idiot's Guide to Choosing and Raising a Dog* (*Guide I*) and *The Complete Idiot's Guide to Fun and Tricks with Your Dog* (*Guide II*), published by Simon & Schuster in 1996 and 1997, respectively. The same Simon & Schuster editor oversaw the publication of *Puppy*, *Veterinary Care*, and *Guide I*.

Hodgson and DeBitetto worked together on *Puppy* pursuant to a written collaboration agreement. DeBitetto wrote the chapters concerning medical and health care, while Hodgson wrote the chapters addressing puppy training and behavior. The parties differ as to the source of a chapter entitled "Lifestyles and Litters," which did not ultimately appear in *Puppy*. DeBitetto contends, and Hodgson disputes, that DeBitetto alone wrote the "Lifestyles and Litters" chapter.[3] Hodgson claims that she and DeBitetto each

individually wrote and submitted to Simon & Schuster entirely separate versions of the "Lifestyles and Litters" chapter.

DeBitetto contends that *Guide I* improperly appropriated protectible expression from *Puppy* and *Veterinary Care* [4] and that *Guide II* improperly appropriated DeBitetto's protectible expression from *Puppy* by reproducing an illustration of a dog's nail. In total, the plaintiff has identified 17 alleged instances of copyright infringement, 16 in *Guide I* and 1 in *Guide II*. Of the 16 instances of purportedly improper appropriation in *Guide I*, 8 allegedly infringe *Puppy*, and 10 allegedly infringe *Veterinary Care*.[5]

In 1996, after the publication of *Guide I*, DeBitetto contacted Simon & Schuster, and later Hodgson, regarding his belief that his work had been improperly appropriated. Although Simon & Schuster offered to credit DeBitetto in future editions of *Guide I*, no agreement was reached as to financial compensation, which DeBitetto believed was warranted. This action followed.

## DISCUSSION

A motion for summary judgment should only be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Hayes v. New York City Dep't. of Corrections*, 84 F.3d 614, 619 (2d Cir.1996); *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991). The court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either

**2.** The defendants have also requested an award of attorney's fees. In light of the Court's disposition of this motion, the attorney's fees request is premature.

**3.** DeBitetto contends that Hodgson revised his chapter without his consent, and resubmitted it to Simon & Schuster for inclusion in *Puppy*.

**4.** DeBitetto does not assert that the use in *Guide I* of his unpublished "Lifestyles and Litters" chapter constitutes copyright infringement. In-

stead, he asserts a Lanham Act claim. Chapter 2 of *Guide I* is entitled "Lifestyles and Litters." As the appropriate claim regarding the "Lifestyles and Litters" chapter is one for copyright infringement, rather than a violation of the Lanham Act, this Court will consider the viability of a copyright infringement claim with respect to the "Lifestyles and Litters" chapter. *See Lipton v. Nature Co.*, 71 F.3d 464, 473–474 (2d Cir. 1995).

**5.** DeBitetto claims that two passages in *Guide I* infringe both *Puppy* and *Veterinary Care*.

party." *McNeil v. Aguilos,* 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Hayes,* 84 F.3d 614 at 619. In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities in the light most favorable to, and draw all reasonable inferences in favor of, the party opposing the motion. *Wernick v. Federal Reserve Bank of New York,* 91 F.3d 379, 382 (2d Cir.1996).

■ To obtain summary judgment on a claim of copyright infringement, a defendant must show that at least one requisite element of the claim cannot be proven. Paul Goldstein, *Copyright,* § 7.4.2.2 (2d ed.) (1997)(hereinafter *Goldstein* ). Summary judgment for the defendant may be granted on the basis of a comparison of the works at issue. *See, e.g., Kregos v. Associated Press,* 3 F.3d 656, 663–664 (2d Cir.1993) (granting defendant summary judgment after comparing the two works at issue and concluding that they share only unprotected ideas).

The Copyright Act of 1976 (the "Act") grants certain exclusive rights to the owner of a copyright. 17 U.S.C. § 106; *Ringgold v. Black Entertainment Television, Inc.,* 126 F.3d 70 (2d Cir.1997). The Act protects "original works of authorship." 17 U.S.C. § 102. Copyright protection for an original work of authorship, however, does not extend to the ideas, facts, or concepts contained within such work. *Id; Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 547, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). "Facts...are not original and therefore may not be copyrighted." *Feist Publications, Inc. v. Rural Telephone Serv. Co.,* 499 U.S. 340, 350, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). However, an "original selection or arrangement of facts" is subject to copyright protection. *Id.* The "protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself." *Laureyssens v. Idea Group, Inc.,* 964 F.2d 131, 141 (2d Cir. 1992) (quoting *Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905, 912 (2d Cir.1980)(internal quotations omitted)). Copyright protection "assures authors the right to their original expression, but encour-ages others to build freely upon the ideas and information conveyed by a work." *Feist,* 499 U.S. at 349, 111 S.Ct. 1282.

■ To prevail in an action for copyright infringement, "a plaintiff must show ownership of a valid copyright and the defendant's infringement by unauthorized copying." *Laureyssens,* 964 F.2d 131, 139 (2d Cir.1992) (citations omitted). This standard requires the plaintiff to prove that the defendant copied from plaintiff's work and that the elements copied amount, as a whole, to an improper appropriation of protectible elements of plaintiff's work. *Computer Assocs., Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 701 (2d Cir.1992); *Arnstein v. Porter,* 154 F.2d 464 (2d Cir.1946). In this case, Hodgson concedes that she had access to and relied upon both *Puppy* and *Veterinary Care* in writing *Guide I* and *Guide II,* but denies that she relied upon DeBitetto's "Lifestyles and Litters" chapter.

■ Assuming that actual copying occurred, the "plaintiff must then show that the copying amounts to an improper appropriation by demonstrating that substantial similarity [of] protected material exists between the two works." *Laureyssens,* 964 F.2d at 140. The plaintiff must show that the defendant copied sufficient protected expression that audiences will perceive substantial similarities between the defendant's work and plaintiff's protected expression. *Walker v. Time Life Films, Inc.,* 784 F.2d 44 (2d Cir. 1986). If "the similarities between the protected elements of plaintiff's work and the allegedly infringing work are of small import quantitatively or qualitatively...the defendant will be found innocent of infringement." *Williams v. Crichton,* 84 F.3d at 588 (internal quotations and citations omitted). "Two works are substantially similar where the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them and regard the aesthetic appeal of the two works as the same." *Arica Institute, Inc. v. Palmer,* 970 F.2d 1067 (2d Cir.1992)(quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir.1960)).

■ Not all elements of a copyrighted work will be protected. For example, *scenes a faire*, elements of a work that necessarily result from its subject matter or ideas, do not enjoy copyright protection. *Williams v. Crichton*, 84 F.3d at 587(citing *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir.1986)). If a work contains both protectible and unprotectible elements, infringement is to be judged solely on the basis of the similarity of the protectible elements. *Crichton*, 84 F.3d at 588. "[S]ummary judgment may be appropriate either because the similarity between the two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Arica Institute, Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992).

■ The defendants are entitled to the dismissal of plaintiff's claims with respect to *Guide II*. DeBitetto alleges only one instance of copying in *Guide II*, a drawing of a dog's paw and nail. While the drawing in *Guide II* is undeniably similar, if not identical, to one contained in *Puppy*, that single instance of copying is insufficient as a matter of law to support a claim of improper appropriation of protected expression. *See Ringgold*, 126 F.3d at 74–76 (*de minimus* uses not sufficient for copyright infringement claim). Therefore, DeBitetto may assert no claims against either Hodgson or Simon & Schuster arising out of the publication of *Guide II*.

■ DeBitetto alleges that *Guide I* infringes both *Veterinary Care* and *Puppy*. Although limited material in *Guide I* may have been copied from *Veterinary Care*, the Court's review of *Guide I* and *Veterinary Care* does not disclose similarities of protectible elements sufficient to support a finding of improper appropriation of protectible expression. Because the topical coverage of the two books overlaps, it is expected that they would address many of the same topics and rely upon many of the same underlying facts. The similarities pertain primarily to unprotectible elements of *Veterinary Care*, including statements of scientific or medical fact or procedures for caring for a dog.

For example, both books discuss mange and roundworms, two common parasites encountered by dogs. The content of the comparable passages is undeniably similar. Both describe the way in which mange burrow into a dog's skin and the problems they can cause. Relatedly, both describe the appearance of roundworms, how they infect dogs, and the symptoms of roundworm infestation. These facts are themselves not copyright protectible. *See Feist*, 499 U.S. at 350, 111 S.Ct. 1282 (facts not sufficiently original to warrant copyright protection). Moreover, the inclusion and presentation of such facts naturally result from the choice of subject matter of *Guide I. See Williams v. Crichton*, 84 F.3d at 587 (*scenes a faire* not subject to copyright protection). Notwithstanding the similar factual content, these sections are organized differently and convey information using a different tone and style. *Veterinary Care* contains a much longer discussion of roundworms than *Guide I. Guide I* is much more pithy and less exhaustive than *Veterinary Care* in discussing possible treatments for each parasite.

The plaintiff also alleges that sections of *Guide I* that discuss flea infestation, ticks, and the coccidia parasite improperly appropriate material from *Veterinary Care.* As with the sections discussed above, the similarities between the two books' discussions of these topics do not amount to improper appropriation of protected expression because the similarities relate to unprotected elements of *Veterinary Care*. Both books, for example, relate that coccidia are one-celled protozoa that can cause inflammation of the intestinal tract. Both books emphasize that frequent vacuuming is important in countering flea infestation. Both books acknowledge that ticks can carry Rocky Mountain Spotted Fever and are most prevalent in the southeast. These facts, however, are not subject to copyright protection. *See Feist*, 499 U.S. at 350, 111 S.Ct. 1282.

■ Even the similarity between *Veterinary Care* and *Guide I* that is most suggestive of copying is not sufficient to give rise to a claim for copyright infringement. The clearest instance of copying concerns a list of poisons that appears in *Veterinary Care.*

*Guide I* contains a list of poisons that tracks the *Veterinary Care* list exactly, except for the omission of one word that makes the *Guide I* list in incorrect alphabetical order and thereby indicates that the list was copied from *Veterinary Care. See Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.,* 409 F.2d 1315, 1316 (2d Cir.1969) (noting that a finding of copying may be based in part on the presence of telling dissimilarities, minor variations from plaintiff's protected work that underscore the likelihood that defendant's work is a copy of plaintiff's work). However, the presentation of poisons in the list is not sufficiently original to warrant copyright protection. *See Feist,* 499 U.S. at 344–349 (discussing the requirement of originality for compilations of facts to be subject to copyright protection). The list of poisons is the sort of list likely to be found in any book of pet care. Even if the list were copyright protected, this single instance of copying is not enough to support a claim of copyright infringement. *See Williams v. Crichton,* 84 F.3d at 588 (similarities that are of small import qualitatively or quantitatively may not give rise to a claim of copyright infringement).

In sum, the style, tone, and emphases of *Guide I* are starkly different from that of *Veterinary Care.* Whereas *Veterinary Care* provides useful practical veterinary advice in a straightforward manner, *Guide I* strikes a much more lighthearted tone. *Veterinary Care* relies mostly on textual explanations along with some photographs. *Guide I* is replete with various sorts of graphics, and uses shorter paragraphs that give the book a much different feel than *Veterinary Care. Veterinary Care* is authoritative and written primarily in the third person, whereas *Guide I* is personal and Hodgson often conveys information using the first person or second person. These are elements of *Veterinary Care* that are copyright protected and they are elements with respect to which the differences between the two books are most apparent. Based on these considerations, defendants' motion for dismissal of plaintiff's claim

that *Guide I* infringes plaintiff's copyright in *Veterinary Care* is granted.

■■ Whether DeBitetto may assert a claim for copyright infringement for material copied from *Puppy* and appearing in *Guide I* turns on whether *Puppy* is a joint work or a collective work. If *Puppy* is a collective work, then Hodgson could have infringed DeBitetto's copyright in *Puppy* because Hodgson and DeBitetto would each have acquired an exclusive ownership interest in the chapters each contributed. *See* 17 U.S.C. § 201(c). On the other hand, if *Puppy* is a joint work, then Hodgson and DeBitetto would each possess an undivided ownership interest in the copyright for the entire work, precluding a claim of infringement against Hodgson.[6] *See* 17 U.S.C. § 201(a); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright,* § 6.03 (1997) (hereinafter *Nimmer*). A book is a joint work if the authors intended, at the time of creation, to merge their respective contributions into "inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101; *Nimmer* § 6.02. A collective work is one in which "a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. § 101.

■■ Notwithstanding DeBitetto's insistence that he never intended *Puppy* to be a joint work, the evidence is overwhelming that *Puppy,* at the time of its creation, was intended to be a joint work. DeBitetto and Hodgson jointly entered a publishing agreement with Simon & Schuster in which they shared equally and indivisibly in the rights, benefits, and responsibilities assigned to the author of the book contemplated by the agreement. Additionally, DeBitetto and Hodgson entered a collaboration agreement in which they stated their intent to "coauthor" *Puppy* pursuant to their agreement with Simon & Schuster. Finally, the copyright registration describes DeBitetto and Hodgson as coauthors. In light of these facts, as well as an examination of the book

---

**6.** Although a joint owner may not be liable for copyright infringement of the joint work, *see, e.g., Donna v. Dodd, Mead & Co.,* 374 F.Supp. 429 (S.D.N.Y.1974); *Oddo v. Ries,* 743 F.2d 630 (9th Cir.1984), a joint owner must account to the other joint owner for a share of the profits realized from her sole use of the jointly owned work. *Nimmer* § 6.12[A].

itself, this Court concludes that a trier of fact could only reasonably find that *Puppy* is a joint work.[7] As such, Hodgson shares an indivisible interest in the copyright to the work and may not be liable for copyright infringement. Therefore, DeBitetto's claim that *Guide I* infringed his copyright in *Puppy* is, therefore, dismissed.[8]

■ The facts relating to the unpublished "Lifestyles and Litters" chapter are contested. While DeBitetto contends that he solely authored the "Lifestyles and Litters" chapter and that Hodgson then revised it without his consent, Hodgson claims that she separately wrote her own version of the chapter, and that it is that version which she used for *Guide I*. This dispute cannot be resolved on this motion. Based on a review of the material DeBitetto has submitted as his version of the unpublished chapter and the "Lifestyles and Litters" chapter that appears in *Guide I*, this Court concludes that a trier of fact could reasonably conclude that Hodgson based the "Lifestyles and Litters" chapter in *Guide I* on DeBitetto's version. Although the published chapter is not a verbatim reproduction of DeBitetto's chapter, the similarities of approach, structure, and substance are substantial.

## CONCLUSION

■ For the reasons stated, defendants' motion to dismiss and for summary judgment is granted. However, plaintiff is granted leave to replead in an amended complaint a claim for copyright infringement based solely on the use in *Guide I* of DeBitetto's unpublished "Lifestyles and Litters" chapter.[9]

The Clerk of the Court is directed to dismiss the complaint unless plaintiff files an amended complaint within 10 days stating a claim for copyright infringement of DeBitet-

to's unpublished "Lifestyles and Litters" chapter.

**SO ORDERED.**

---

7. The possibility that the parties may have planned to write, and indeed did write, separate chapters does not militate against this conclusion.

8. DeBitetto's contract claims for breach of the publishing and the collaboration agreements for *Puppy* should also be dismissed. Since the copyright was not infringed, no contract was breached.

9. Of course, in order to state a valid claim for copyright infringement, the plaintiff must be the registered holder of a copyright in the allegedly infringed work. *Goldstein*, § 3.15.