**Fred R. CANTOR, Plaintiff,**

v.

**NYP HOLDINGS, INC. and Maggie Haberman, Defendants.**

**No. 98 CV 7693(RO).**

United States District Court,
S.D. New York.

June 2, 1999.

Harvey Stuart, New York City, for plaintiff.

Squadron, Ellenoff, Plesant & Sheinfeld, LLP, New York City, by Slade R. Metcalf, Jean Voutsinas, for defendant.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiff Fred Cantor is the editor[1] of a 1982 book entitled, "The Graduates: They Came Out of New York's Public Schools" (the "Book"). The Book lists famous people who graduated from New York City public schools, along with their individual yearbook photographs or group yearbook photographs. Plaintiff alleges that defendants, the New York Post and Post reporter Maggie Haberman, infringed his copyright in the Book with a June 14, 1998 article in the New York Post entitled "The Graduates: How Celebs Looked in Their City HS Yearbooks" (the "Article"). Defendants moved to dismiss the complaint for failure to state a cause of action, contending that plaintiff's copyright is limited to his selection and arrangement of photographs and captions which they have not infringed. In the alternative, defendants seek summary judgment on these issues. Plaintiff seeks partial summary judgment on the issue of defendants' liability for copyright infringement.

Under Fed.R.Civ.P. 12(b), if "matters outside the pleading are presented to, and not excluded by the Court," the Court converts the motion to dismiss into a Rule 56 motion for summary judgment. Here, both parties have introduced matters outside the pleadings, so it is appropriate to convert this 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56. A Court "need not provide formal notice of conversion to the parties where ... it has already accepted from both sides materials other than pleadings." *In re Prudential Securities Inc.*, 930 F.Supp. 68, 71 (S.D.N.Y.1996). That is especially true where; as here, both parties request summary judgment.

A motion for summary judgment should only be granted if "the pleadings ... and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir.1996). Here, the parties themselves contend that there is no dispute over the material facts,[2] only over the legal conclu-

---

1. The cover and title page of the Book contain the credit: "Edited by Fred R. Cantor." No authorship credit is listed.

2. The only fact in contention is the ownership of the copyright. Plaintiff's corporation, Hall of Fame Management, Inc., secured the copyright of the Book and received a certificate of registration, and then assigned to the plaintiff all of its rights in the copyright of the Book. ¶¶ 4, 5. Defendants contend that there is an issue of fact as to whether or not plaintiff actually owns the copyright and opposes plaintiff's counter-claim for summary judgment on the ground that more discovery is needed into the transfer of the copyright. The certificate, however, is made out to "Hall of Fame Management." In his affidavit, Cantor claims that he was the sole shareholder and president of Hall of Fame, and that when the corporation was dissolved in October 1984, he transferred the copyright to himself personally. Defendants challenge this transfer and claim that they need more discovery

sions which are to be drawn from them. Summary judgment is therefore appropriate here.

The Book is divided into five sections: 1) a three-paragraph introduction by the editor; 2) an "alumni/ae directory" which contains lists of famous graduates organized by profession; 3) "senior class profiles," which are an alphabetical listing of the alumni/ae accompanied by their yearbook photograph and a caption; 4) "leaders and champions," which shows group pictures from yearbooks with a caption indicating who the famous person in the picture is; and 5) "schools of distinction," which includes photographs and brief descriptions of a number of New York City public schools. The Book contains seventy separate photographs—fifty-seven individual yearbook photographs, nine group photographs, and four photographs of schools.

The New York Post article contains a short editorial piece about famous graduates from New York City public schools and seventy-five photographs—thirty-eight photographs from yearbooks (thirty-four of which are accompanied by captions) and thirty-seven recent photographs of the celebrities. Sixteen of the yearbook photos appear in both the Book and the Article, as well as fifteen captions.[3] Defendants admit that they had access to the Book, as the law defines it. It had been made available to them so that the Book could be reviewed in 1982, and was used as source material for the Article.

■ The Amended Complaint alleges one cause of action for copyright infringement under 17 U.S.C. § 101. In order to prevail on such a claim, plaintiff must

prove "two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Matthew Bender & Co., Inc. v. West Publishing Co.*, 158 F.3d 674, 679 (2d Cir.1998), *cert. denied sub nom West Publishing Co. v. HyperLaw, Inc.*, — U.S. ——, 119 S.Ct. 2039, 143 L.Ed.2d 1048 (1999) (citing *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)) [*Bender I*]. Defendants are entitled to summary judgment on this claim if they can show that "at least one requisite element of the claim cannot be proven." *Debitetto v. Alpha Books*, 7 F.Supp.2d 330, 333 (S.D.N.Y.1998). Defendants contend that summary judgment is appropriate either because there is no valid copyright, or because the works share only unprotectable ideas. *See Kregos v. Associated Press*, 3 F.3d 656, 663–664 (2d Cir.1993); *Arica Institute v. Palmer*, 970 F.2d 1067, 1072 (2d Cir.1992) ("summary judgment may be appropriate [if] the similarity between the two works concerns only non-copyrightable elements of the plaintiff's work.").

■ The parties agree that the Book is a compilation of pre-existing facts. Federal law defines a copyrightable compilation as:

[A] work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.

17 U.S.C. § 101. Plaintiff contends that he has a valid copyright[4] because he "cre-

---

about how this transfer was done. Cantor's affidavit provides the writing evidencing the transfer, the certificate of dissolution and his own sworn testimony regarding the transfer. In any event, this "issue" would not preclude summary judgment here because I find that defendants are entitled to summary judgment on other grounds.

**3.** The Article contains four uncaptioned photographs as part of a "Guess the Graduates"

contest. One of these uncaptioned photographs [Woody Allen] also appears in the Book.

**4.** Cantor has registered his copyright in the Book with the Registrar's Office and owns a copyright certificate, which is "prima facie" evidence of a valid copyright. *See* 17 U.S.C. § 410(d).

ated and wrote an original book" which "contains a large amount of material wholly original with plaintiff and is copyrightable subject matter under the laws of the United States." Complaint ¶¶ 2, 3. Obviously, plaintiff's idea to gather and compile the yearbook photos of celebrities is not copyrightable.[5] Feist, 499 U.S. at 350, 111 S.Ct. 1282. However, defendants concede that plaintiff selected the photos from among "hundreds of thousands of New York City high school graduates" and that he arranged the photographs with excerpts from the related captions. Even this small "exercise of judgment in choosing which facts from a given body of data [all New York City high school yearbooks] to include in a compilation" is sufficient for copyright protection. Key Publications, Inc. v. Chinatown Today Pub., 945 F.2d 509, 513 (2d Cir.1991). See also CCC Information Svcs., Inc. v. Maclean Hunter Market Reports, Inc., 44 F.3d 61, 65 (2d Cir.1994) ("[T]he required level of originality is minimal ... and most compilations, merely by exercising some independent choice in the coordination, selection or arrangement of data, will pass the test."). The copyright in a compilation, though, is "thin" and extends only to the particular and precise selection and arrangement of the uncopyrightable facts. See Beaudin v. Ben & Jerry's Homemade, Inc., 95 F.3d 1, 2 (2d Cir.1996) ("Where the quantum of originality is slight and the resulting copyright in 'thin,' infringement will be established only by very close copying because the majority of the work is unprotectable."); Kregos v. Associated Press, 3 F.3d 656, 663 (2d Cir.1993) (protection is necessarily limited because "a compilation of facts can only be expressed in a limited number of ways."). Plaintiff therefore does have a valid copyright covering his selection and arrangement of the photos and captions in the Book.

■ Since I find that a valid copyright exists, I turn to whether defendants have infringed it. In general, "a plaintiff must demonstrate first that a copyrighted work was actually copied, and second, that the copying amounted to an improper or unlawful appropriation." Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc., 166 F.3d 65, 69–70 (2d Cir.1999). Here, defendants have conceded that they used the Book as a source for the Article, so the only issue is whether the Article copied expression original to the Book— i.e. the selection and arrangement of the photos and captions—or if the Article merely used some of the same uncopyrightable elements as the Book.

■ Defendants contend that they did not infringe plaintiff's copyright because they did not copy plaintiff's arrangement of photos and captions, but instead compiled their own arrangement, using some of the same factual elements from the Book. The mere fact that some photographs appeared in both the Book and the Article is not sufficient to prove improper appropriation. "Notwithstanding a valid copyright, a subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection and arrangement." Feist, 499 U.S. at 348, 111 S.Ct. 1282; Kregos, 3 F.3d at 664 (copyright does not extend to the compiled facts themselves, but only to the choice of which facts to compile). While the Article includes fifteen captions from the Book and sixteen photographs, it contains an additional fifty-nine photographs which do not

---

**5.** Plaintiff does not contend that it is. In fact, plaintiff's reply papers include a copy of a 1990 article which appears in the New York Daily News entitled "The Ultimate Yearbook" containing yearbook photographs and captions for more than 200 graduates from the New York City public schools, many of which also appeared in the Book. However, most of the captions in the Daily News article are copied directly from the yearbooks themselves, so I am informed by plaintiff that he did not assert a copyright infringement action against the Daily News because he was satisfied that the News staff worked directly from the original yearbooks.

appear in the Book. The sixteen overlapping photographs constitute roughly twenty percent of the total, and this overlap consists entirely of factual material. A story about what celebrities who attended New York City high schools looked like in their yearbook photos will necessarily include those photos. Defendants did take a short-cut in their research by relying in part on plaintiff's Book. However, the Article also used recent photos of the celebrities and utilized a different selection and arrangement of celebrities than the Book. The arrangement of the yearbook photographs juxtaposed against recent photographs of celebrities in a four-page spread in a tabloid paper collage format is different from the way in which the yearbooks photos alone appeared on separate pages in a sixty-page book format. *See Curtin v. Star Editorial, Inc.*, 2 F.Supp.2d 670, 673 (E.D.Pa.1998). Defendants have not infringed plaintiff's copyright in his compilation because they have not copied his selection and arrangement, even if they utilized some of the same underlying photos and captions.

Plaintiff also contends that defendants unlawfully appropropriated certain copyrightable elements of the Book—specifically, the captions.[6] Defendants argue that the captions consist of facts, and "[t]he most fundamental axiom of copyright law is that '[n]o author may copyright his ideas or the facts he narrates.'" *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 344–45, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (citing *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 556, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)). Plaintiff argues that he "selected and arranged" facts from the yearbook captions, and that this selection and arrangement offers "the requisite originality" for copyright protection. Indeed, a chart compiled by defendants shows that plaintiff did not copy most of the yearbook captions verbatim, but did do some amount of rearranging.

For example:

| Original Yearbook | Book | Article |
|---|---|---|
| ITALIANO, ANNE 8–8 2402 St. Raymond Avenue 61 Gen.—Am. Ac. Dram. Arts Jr. Arista; Jr. Leaders; Dramatic Club; Eng. Office. Proudly we'll say, "Anne's been here." | ANNE BANCROFT (Anne Italiano) Christopher Columbus H.S. '48 Dramatic Club; Eng. Office; Jr. Arista; Jr. Leaders; Voted Most Likely to Succeed and Most Popular in Section 8–8.... "Proudly we'll say, 'Anne's been here.'" | Anne Bancroft (ne [sic] Anne Italiano) actress Class of '48 Christopher Columbus HS, Bronx Dramatic Club; Eng. Office; Jr. Arista; Jr. Leaders; Voted Most Arista; Jr. Leaders; Voted Most Likely to Succeed and Most Popular in Section 8–8 ... 7 "Proudly we'll say, 'Anne's been here.'" |

Plaintiff made several changes to the original yearbook caption: 1) changed "Italiano, Anne 8.8" to "Anne Bancroft (Anne Italiano)"; 2) inserted "Christopher Columbus H.S. '48"; 3) omitted the home address; 4) omitted "61 Gen."; 5) omitted "Am. Ac. Dram. Arts"; 6) altered the order of the activities; and 7) inserted the

information "Voted Most Likely to Succeed and Most Popular in 8.8," gleaned from other parts of the yearbook. Defendants also made several changes to plaintiff's entry: 1) added the borough of the high school; 2) added Ms. Bancroft's current profession. This entry and these changes are fairly typical of the claims made here.[8]

6. The parties agree that plaintiff does not own any copyright in the yearbook photos. As a matter of law, therefore, defendants' use of the yearbook photos cannot be a copyright infringement.

7. [Footnote by the Court] Plaintiff made much of an argument that the quote "Voted Most Likely to Succeed and Most Popular in Section 8–8," does not appear in the original

yearbook caption, but was in his caption and then in the Article caption. However, plaintiff acknowledges that this information is "found elsewhere in the yearbook." Affidavit of Fred R. Cantor dated April 8, 1999 at ¶ 7(b). Thus, it is merely factual information.

8. Defendant notes that plaintiff did not claim a copyright in these captions in its copyright application and that under "material added to

"[C]opyright protection in compilations may extend only to those components of a work that are original to the author. The 'originality' requirement encompasses requirements both 'that the work was independently created ..., and that it possesses at least some minimal degree of creativity.'" *Matthew Bender & Co., Inc. v. West Publishing Co.*, 158 F.3d 693, 699 (2d Cir.1998) *cert. denied sub nom West Publ. Co. v. Matthew Bender & Co., Inc.*, —— U.S. ——, 119 S.Ct. 2039, 143 L.Ed.2d 1048 (1999) (citing *Feist*, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)) [*Bender II* ]. In other words, "[t]he creative spark is missing where ... the author made obvious, garden-variety or routine selections." *Bender I*, 158 F.3d at 682. Here, all of plaintiff's selections were routine and obvious. Plaintiff included all the information from the original yearbook captions which made sense. He added the current names of the celebrities, without which the person might not be recognizable to the public and therefore inclusion would make no sense. *See Bender I*, 158 F.3d at 683 (holding that the "names of the parties, the deciding court, and the dates of argument and decision are elementary items, and their inclusion is a function of their importance, not West's judgment"). He edited the captions to make them more easily readable, and defendants, too, made some changes of their own.[9]

Given the foregoing, defendants' motion for summary judgment is granted, and plaintiff's cross-motion for partial summary judgment is denied.

The foregoing is so ordered.

---

this work," the copyright certificate lists "cover, introduction, chapter pages, senior class profiles chapter arrangements, leaders and champions chapter captions, schools of distinction chapter." Plaintiff explains that "senior class profiles chapter arrangements" was intended to encompass the captions.

**9.** Plaintiff notes that "upon a showing of access to copyrighted material, an alleged infringer cannot escape liability for his appropriation through the introduction of slight changes." *Affiliated Hospital Prods. Inc. v. Mendel Game Mftg Co.*, 513 F.2d 1183, 1189 (2d Cir.1975). However, plaintiff's own changes to the yearbook captions were also slight, so this principle is of no avail.