## MEREDITH v. SMITH et al.

### No. 10657.

Circuit Court of Appeals, Ninth Circuit.

Nov. 13, 1944.

Joseph F. Westall, of Los Angeles, Cal., for appellant.

J. Calvin Brown, of Los Angeles, Cal. (Louis E. Swarts and Ralph Wilson, both of Los Angeles, Cal., of counsel), for appellees.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, co-owner with appellee Fricke of a copyright in a publication entitled "1000 Police Questions," filed a complaint which, as amended to conform to the evidence, claimed damages against O. W. Smith for the reproduction and sale of the books in violation of the copyright, and sought an accounting. The amended complaint also alleged a contract between the two copyright owners that neither would license the reproduction and sale of the book without the permission of the other; that Fricke had violated his agreement in granting Smith a permit to print and sell the book; and that Smith had knowledge of the agreement. Appellant claimed damages for infringement against both Fricke and Smith.

Fricke moved to be dismissed on the ground that the cause of action against him was not for violation of a copyright but for a mere agreement as to the exercise of the common copyright interest and hence presented no federal question. There were no allegations of diversity of citizenship or of the amount of damages. The motion was granted and judgment of dismissal as to Fricke was entered, from which judgment appellant appeals.

█ The District Court committed no error in dismissing as to Fricke. Such a contract relation as to the use of a joint copyright, admittedly valid, is not a federal question. Wade v. Lawder, 165 U.S. 624, 626, 17 S.Ct. 425, 41 L.Ed. 851; Dale Tile Mfg. Co. v. Hyatt, 125 U.S. 46, 52, 8 S.Ct. 756, 31 L.Ed. 683.

Smith filed an answer which, as amended, set up the permit from Fricke and denied any agreement between the two copyright owners at the time of the granting of the permit to him relative to a joint permission

for the use of the copyright, and asserted that, if such an agreement existed, he, Smith, had no notice thereof and was not bound thereby. It is not questioned that Fricke as co-owner of the copyright would have had the right to give permission to Smith to publish the book. Piantadosi v. Loew's Inc., 9 Cir., 137 F.2d 534. The contention is that Fricke had given up that right by the contract and that Smith, having notice thereof, could receive from Fricke no valid permit to use the copyright.

■ Upon the trial the District Court found that there was an agreement between appellant and Fricke that neither of the copyright owners would give a permit to a third person to use the copyright without the permission of the other, but that it had terminated prior to the alleged infringing publication of the book by Smith. Appellant contends there is no evidence to support this finding. We do not agree. In 1937, appellant, under the name "Publisher," and Fricke, under the name "Author," entered into an agreement of which the following paragraphs are pertinent:

"Wherefor; In consideration of these facts, the Author does hereby agree to grant and extend first to the Publisher, and before all others, and also under the same contract terms as described herein, the right to publish and sell in printed form, any and all similar manuscripts or works that the Author may produce in the future and which shall contain mainly, as text matter: questions and answers pertaining to police problems, either with or without the same or similar title of '1000 Police Questions.'

"Provided: That if the Author so submits such a manuscript and the Publisher declines to promptly accept it, or otherwise unreasonably delays the publishing of same; then the Author shall be free to publish and sell such book in any manner that the Author shall desire, and without any restraint from, or obligation to, the Publisher."

Concerning this agreement Fricke testified that appellant said to him that he was through with the contract. Smith testified that appellant said to him "I am through with them," referring to what he called "the darned books," meaning those under the copyright. Also that appellant said "I am glad to get rid of them" and "I am through with the printing business." This was corroborated by the testimony of the witness Jackson. Such testimony abundantly supports the District Court's finding that the restrictive contract had terminated.

The books sold by Smith had printed on them the following statements:

"(All Rights Reserved—Including Radio) Warning: The right to reproduce or use any of the questions or answers contained in this book, either in whole, or in part, or in any other form, is hereby forbidden without the written permission of both copyright owners. Any similar works or titles will be considered as infringements and those responsible will be vigorously prosecuted.

"Civil service examiners and police instructors are exempt from the provisions of this warning and permission is hereby granted to them to use any or all of the material contained herein for the purpose of conducting examinations."

Smith admitted he read this warning. Appellant claims this warning was inserted in the book pursuant to a verbal agreement between appellant and Fricke. Fricke testified that it was inserted after the written agreement. Appellant testified that it was the written agreement which he read to Smith in discussing the warning to put him on notice of terms of the contract. So far as concerns appellee Smith, the verbal agreement is irrelevant to the controversy. The only warning Smith had was as to the written contract. The District Court found that there was no verbal or written contract between the two copyright owners regarding the warning.

■ This finding had reference to the pertinent time of Smith's alleged infringement. We find sufficient evidence to sustain this finding of the District Court. The appellee Smith was duly authorized to publish the book and committed no infringement of the copyright.

Smith's answer was amended after the trial to conform with the facts proved upon which the above findings were based. Appellant contends that the amendment should not have been permitted because the facts are not those found. What we have said above disposes of this contention.

The judgment appealed from is affirmed.