**Frank ODDO, Appellee,**

v.

**Jack W. RIES, MME Publications, MME Publishing Company and Material Movement Enterprises, Appellants.**

**No. 83–6190.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1984.

Decided June 19, 1984.

---

Vance C. Simonds, Jr., Capretz & Casdan, Irvine, Cal., for appellee.

Patrick F. Bright, Kendrick, Netter & Bennett, Los Angeles, Cal., for appellants.

Before GOODWIN, SNEED and ALARCON, Circuit Judges.

GOODWIN, Circuit Judge.

In the guise of a copyright infringement suit, this case presents an accounting problem between two partners. Ries and his codefendants [1] appeal from a judgment awarding Oddo $10,000 statutory damages for infringement, $20,000 attorneys' fees, general damages of $1,000, and costs of suit.

Oddo and Ries entered into a partnership in March 1978 to create and publish a book describing how to restore Ford F–100 pickup trucks. According to the partnership agreement, Ries was to provide capital and supervise the business end of the venture;

Oddo was to write and edit the book. By January 1980, Oddo had delivered to Ries a manuscript that contained much but not all of the material the partners planned to include in the book. This manuscript consisted partly of a reworking of previously published magazine articles that Oddo had written and partly of new material, also written by Oddo, that had never before been published.

At about the same time, Ries became dissatisfied with the progress Oddo had made on the manuscript. Ries hired another writer to complete Oddo's manuscript, and then published the finished product. The book that Ries eventually published contained substantial quantities of Oddo's manuscript but also contained material added by the new writer.

## I. Infringement

Three copyrighted works are at issue in this case. The first, actually a set of copyrighted works, consists of the magazine articles that Oddo reworked into the manuscript that he delivered to Ries. The second work is Oddo's manuscript, and the third is the book that Ries published. We will refer to these works as the articles, the manuscript, and the book. The district court did not specify which copyright Ries had infringed; it simply held "[t]hat the copyright of Plaintiff Oddo was infringed by Defendant Ries when he caused the Guide [i.e., the Book] to be published ...."

### A. Book and Manuscript

The district court erred if it meant that Ries infringed the copyright in the manuscript or the book. The district court concluded that the Oddo/Ries partnership owns the copyrights in the book and the manuscript. As a partner, Ries is a co-owner of the partnership's assets, including the copyrights. Cal.Corp.Code § 15025(1) (Deering 1979). A co-owner of a copyright cannot be liable to another co-

---

1. Defendants MME Publishing Company and Material Movement Enterprises are sole proprietorships owned by Ries. MME Publications is the Oddo/Ries partnership, but Oddo's complaint indicates that Oddo sued MME Publications on the theory that the partnership had been dissolved and that Ries was operating MME Publications as a sole proprietorship.

owner for infringement of the copyright. *Richmond v. Weiner*, 353 F.2d 41, 46 (9th Cir.1965); *Picture Music Inc. v. Bourne, Inc.*, 314 F.Supp. 640, 646 (S.D.N.Y.1970), *aff'd* 457 F.2d 1213 (2d Cir.), *cert. denied* 409 U.S. 997, 93 S.Ct. 320, 34 L.Ed.2d 262 (1972). Rather, each co-owner has an independent right to use or license the use of the copyright. *E.g., Meredith v. Smith*, 145 F.2d 620, 621 (9th Cir.1944); *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 266, 268 (2d Cir.1944); *Piantadosi v. Loew's, Inc.*, 137 F.2d 534, 537 (9th Cir.1943); *see generally* Comment, Problems in Co-ownership of Copyrights, 8 UCLA L.Rev. 1035, 1039–47 (1961). A co-owner of a copyright must account to other co-owners for any profits he earns from licensing or use of the copyright, *Shapiro, Bernstein & Co. v. Jerry Vogel Music Co.*, 221 F.2d 569 (2d Cir.), *modified*, 223 F.2d 252 (1955); *Picture Music, Inc.*, 314 F.Supp. at 646–47, but the duty to account does not derive from the copyright law's proscription of infringement. Rather, it comes from "equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners." *Harrington v. Mure*, 186 F.Supp. 655, 657–58 (S.D.N.Y.1960) (footnote omitted).[2]

We have not found any cases dealing with the rights of partners in copyrights held by their partnership, but we see no reason why partners should be excluded from the general rules governing copyright co-ownership.[3] Many of the copyright co-ownership cases *e.g., Richmond v. Weiner, Piantadosi v. Loew's*, might be distinguished from ours on the grounds that co-ownership in those cases arose from joint authorship of the work subject to copyright, and Oddo and Ries are not joint authors. However, nothing in those cases suggests that the rules they set out are restricted to cases of joint authorship. Moreover, the general rule of copyright co-ownership has been applied to co-owners who are not joint authors. *E.g., Meredith v. Smith*, 145 F.2d at 621 (co-owners referred to as author and publisher); *Crosney v. Edward Small Productions, Inc.*, 52 F.Supp. 559 (S.D.N.Y.1942).

■ Accordingly, Ries could not infringe the partnership's copyrights in the manuscript or the book, but he can be required to account to Oddo for any profits he has made from use of those copyrights. Ries may also be liable to Oddo under California partnership law for misuse of the partnership copyrights. *See* Cal.Corp. Code § 15025(2)(a) (Deering 1979) (partner may not possess partnership property for non-partnership purposes without consent of other partners). A violation of state partnership law, however, would not transform Ries' use of the copyrights into infringement under federal law. *See Meredith v. Smith*, 145 F.2d at 620 (co-owner's violation of agreement not to license copyright unilaterally is not a federal question).

B. Articles

In finding infringement, the district court may have meant that Ries infringed Oddo's copyrights in his magazine articles. If so, we must first consider Ries' contention that the publisher of the magazines, not Oddo, owns the copyrights to the articles.

■ The articles were contributions to collective works. Copyright to such a contribution vests initially in the author of the contribution; in this case, Oddo. The owner of the copyright in the collective work (here, the magazine publisher) is presumed to have acquired only the privilege of pub-

---

**2.** Consequently a suit to bring the co-owner of a copyright to account does not fall within the district court's jurisdiction over actions arising under the copyright law, 28 U.S.C. § 1338(a). *Harrington v. Mure*, 186 F.Supp. 655 (S.D.N.Y. 1960); *cf. Dolch v. United California Bank*, 702 F.2d 178, 180 (9th Cir.1983) (validity of transfer of copyright ownership not within § 1338(a) jurisdiction).

**3.** In *Carter v. Bailey*, 64 Me. 458 (1874), the co-owners of the copyright originally were partners, but by the time of the acts complained of they had dissolved the partnership and held the copyright as tenants in common.

lishing the contribution in that particular collective work unless he has received greater rights by an "express transfer." 17 U.S.C. § 201(c) (1982).[4] Ries has not pointed to any evidence of such an "express transfer." Nor can Ries claim that the magazine publisher acquired ownership of the copyrights in the articles as "works made for hire" pursuant to § 201(b), because a contribution to a collective work will be considered a work made for hire only if the parties expressly so agree in a written instrument, § 101, and Ries has not pointed to any such instrument. Oddo owns the copyrights to the articles.

■ We now turn to infringement of the copyrights in the articles. The manuscript and the book are both derivative works based on the articles. *See* § 101.[5] As derivative works they necessarily infringe the copyrights in the articles unless Oddo granted permission to use the articles. 1 M. Nimmer, Nimmer on Copyright, § 3.01 (1983).

■ The district court made no findings on whether Oddo gave Ries or the partnership permission to use his articles in the manuscript or the book. We conclude that Oddo, by preparing a manuscript based on his preexisting articles as part of his partnership duties, impliedly gave the partnership a license to use the articles insofar as they were incorporated in the manuscript, for without such a license, Oddo's contribution to the partnership venture would have been of minimal value. However, the implied license to use the articles in the manuscript does not give Ries or the partnership the right to use the articles in any work other than the manuscript itself. *See Gilliam v. American*

*Broadcasting Cos.*, 538 F.2d 14, 19–21 (2d Cir.1976) (license to use underlying work in a particular derivative work does not permit licensee to use underlying work in any other derivative work). Because the book is a work distinct from the manuscript, Ries exceeded the scope of the partnership's license when he used the articles in the book. Ries has not shown that he was otherwise licensed to use the articles in the book,[6] so his publication of the book infringed Oddo's copyright in the articles.

## II. Statutory Damages and Attorneys' Fees

■ The parties have spent considerable energy arguing whether statutory damages and attorneys' fees, §§ 504(c) and 505, may be awarded in this case. Because Ries cannot be held liable for infringement of the copyrights in the manuscript and book that he co-owns with Oddo, his use of those copyrights cannot form the basis for any sort of award under the copyright act. Nor can Oddo recover statutory damages and attorneys' fees for infringement of the copyrights in the articles. Section 412 bars an award of statutory damages or attorneys' fees for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Oddo has not shown that the copyrights in the articles have ever been registered, much less within three months of their publication. Section § 412 therefore precludes Oddo from collecting statutory damages, or attorneys' fees under § 505. Oddo may, however, recover the actual damages

---

**4.** Hereafter references to the Copyright Act, 17 U.S.C., will be by section number only.

**5.** Because Oddo's manuscript was not simply a compilation of his previously published articles but included new material added to work the articles into a coherent whole, the manuscript is a derivative work rather than a collective work. § 101.

**6.** A license is a defense to infringement, 3 M. Nimmer, Nimmer on Copyright § 13.04 (1983),

and thus must be affirmatively pleaded. Fed.R. Civ.P. 8, 12. In his answer and in the Pretrial Conference Order, Ries claimed that article fourteen of his partnership agreement with Oddo gave him a license to use all the copyrighted material that Oddo submitted to the partnership. Article fourteen sets forth an appraisal procedure upon dissolution of the partnership and gives partners an option to continue the partnership business after dissolution. It cannot be read as a license of the copyrights in Oddo's articles.

he suffered from infringement of the copyrights in the articles. § 504(b).

### III. Preemption

The federal copyright law preempts any other "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." § 301(a). Ries argues that Oddo's state law causes of action are preempted, requiring reversal of the district court's general damages award of $1,000. We disagree.

Section 301(a) preempts a state-created right if that right "may be abridged by an act which, in and of itself, would infringe one of the exclusive rights [listed in § 106]." *Harper & Row, Publishers v. Nation Enterprises*, 723 F.2d 195, 200 (2d Cir.1983), *cert. granted*, —— U.S. ——, 104 S.Ct. 2655, 81 L.Ed.2d 362 (1984). But if violation of the state right is "predicated upon an act incorporating elements beyond mere reproduction or the like," *id.*, there is no preemption.

At least some of Oddo's state law claims pass the preemption test stated above, and so the general damages award may stand. For example, Oddo alleged conversion of the papers comprising his manuscript. Conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted. *Harper & Row*, 723 F.2d at 201. Oddo also claimed that Ries breached the fiduciary duty that Ries owed Oddo as a partner. Because a partner's duty to his co-partner is quite different from the interests protected by copyright, this cause of action is also not preempted.

The judgment of the district is vacated insofar as it awards Oddo statutory damages and attorneys' fees. The cause is remanded for an award of the actual damages that Oddo suffered from infringement of his copyrights in the articles. On remand the district court may also consider whether, in its discretion, it should exercise jurisdiction pendent to the infringement claim to compel Ries to account to Oddo for any profits earned from use of the co-owned copyrights.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.