**Garry Mark BROD, Plaintiff—Appellant,**

v.

**GENERAL PUBLISHING GROUP, INC., a corporation, et al., Defendants,**

and

**Phillip Collins, Defendant—Appellee.**

**Garry Mark Brod, Plaintiff—Appellee,**

v.

**General Publishing Group, Inc., a Corporation, et al., Defendants,**

and

**Phillip Collins, an individual, Defendant—Appellant.**

No. 00–56206.

D.C. No. CV–98–09520–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001 *.

Decided Feb. 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before FERGUSON, T.G. NELSON and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Garry Mark Brod appeals the District Court's grant of summary judgment for Phillip Collins, dismissing his copyright infringement action because Collins is a co-author of the photographs, which were the subject of the copyright at issue. Collins cross-appeals the District Court's denial of attorney's fees under 17 U.S.C. § 505. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. FACTUAL BACKGROUND

Brod is a professional photographer. Collins is the author of numerous books and calendars featuring photographs of memorabilia. In 1991, Collins proposed that Brod photograph vintage televisions for use in a book he hoped to publish.

Brod assented. Collins arranged to photograph a collection of televisions, and he and Brod traveled together to the site of the shoot. Brod and Collins collaborated in the photography session, cleaning and setting up the televisions and props. Before Brod triggered the shutter, Collins viewed a preliminary Polaroid test photograph of each image and made suggestions regarding any changes he thought appropriate. After the shoot, Brod developed the photographs into transparencies and delivered them to Collins for a mock-up book.

Collins incorporated, arranged, and enhanced some of the photographs for inclusion in the book. He sought out a publisher, and in 1997, his company fillip films entered into a publishing contract with General Publishing Group, Inc. ("GPG"). On November 20, 1997, *The Golden Age of Television* was published, giving Brod sole copyright credit for the photographs.

Brod had contacted Collins a number of times between 1991 and 1997 to inquire whether Collins had yet found a publisher for the book. Collins did not contact him at any time prior to or following the agreement with GPG, and Brod was not aware of the book's publication until he received a copy from GPG. After receiving a copy of *The Golden Age of Television*, Brod registered a copyright on December 29, 1997, for color photographs entitled "Compulation [sic] of Photographs," or alternatively, "The Golden Age of Television." Brod listed the year of completion as 1997. He did not list any co-authors.

Brod then filed this action against Collins and GPG for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, alleging that Collins wrongfully published and marketed his copyrighted

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

photographs in *The Golden Age of Television*. The District Court granted summary judgment to Collins, ruling that Brod could not sue him for infringement because he was a co-author of the photographs and, thus, co-owner of the copyright. Brod filed this timely appeal. In a post-judgment ruling, the District Court denied Collins' motion for attorney's fees under 17 U.S.C. § 505. Collins timely cross-appealed.

## II. COPYRIGHT INFRINGEMENT CLAIM

Brod contests the District Court's finding that Collins was a co-author of the photographs as a matter of law. We review de novo a grant of summary judgment, construing all evidence and drawing all reasonable inferences in favor of the nonmoving party. *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir.2001). With this in mind, we must determine whether any genuine issues of material fact remain and whether the District Court correctly applied the relevant substantive law. *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001).

Under the Copyright Act of 1976, a copyright vests equally in its author or authors, making two or more authors co-owners of the copyright. 17 U.S.C. §§ 101, 201(a). A co-owner cannot be sued for infringing the copyright. *Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir.1984). To establish co-ownership of the copyright, Collins must show that he made an independently copyrightable contribution and qualified as an "author" of the joint work.[1] *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231–32 (9th Cir.2000).

### A. Copyrightable Contribution

■ It is undisputed that Brod and Collins collaborated in the creation of the photographs. However, Brod argues that Collins is not a co-author because his contributions did not constitute copyrightable expression. We disagree. In the context of photography, it has been long established that copyrightable expression includes selecting and arranging the subject matter, deciding on the composition and camera angles of the photograph, and determining the lighting as well as when to take the photograph. *Burrow–Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 60, 4 S.Ct. 279, 28 L.Ed. 349 (1884); *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076–77 (9th Cir.2000).

Here, Collins selected the subject matter of the photographs by conceiving of the idea to photograph vintage televisions and locating the actual televisions for the shoot. He collaborated with Brod on the composition of the photographs by selecting and positioning both the televisions and the props. He suggested camera angles and changes to be made before Brod triggered the shutter. Thus, Collins' contributions were sufficiently original and expressive to constitute a copyrightable contribution, even though he did not physically trigger the shutter.

### B. Author

Brod alternatively argues that Collins is not an "author" of the photographs. In *Aalmuhammed*, we listed three factors to guide our determination whether, in the absence of a contract, a contributor is an "author" for the purpose of joint authorship: (1) whether the putative author controls the work and is "the inventive or master mind who creates, or gives effect to

---

1. The parties do not dispute that the photographs constitute a copyrightable work and were intended to be a unitary whole. *See* 17 U.S.C. § 101 (defining "joint work") (*cited in Aalmuhammed v. Lee*, 202 F.3d 1227, 1231–32 (9th Cir.2000)).

the idea"; (2) whether the "putative coauthors make objective manifestations of a shared intent to be coauthors"; and (3) whether "the audience appeal of the work turns on both contributions and the share of each in its success cannot be appraised." 202 F.3d at 1234 (internal citations and quotation marks omitted). We observed: "Control in many cases will be the most important factor." *Id.* At issue here is whether Collins exercised sufficient artistic control and whether Brod and Collins intended to be co-authors.

### 1. Artistic Control

■ Although Brod exercised artistic control as the photographer, Collins also demonstrated sufficient artistic control over their joint work. He inspired the idea, located and obtained permission to use the vintage televisions, contacted Brod to collaborate on the project, arranged the composition for each shot, directed Brod to make changes to the camera angles, selected the photographs for use in the book, and enhanced the images for publication in the book. Collins also alleges that he gave final approval of both the positioning of the subject matter and the camera angle before Brod triggered the shutter in each photograph.

Brod argues that Collins did not superintend the artistic process, refuting Collins' statement that he had ultimate authority to accept or reject the images prior to the taking of each picture. This does not raise a triable issue of fact regarding Collins' co-authorship, however, because he was at least "the art director of the television shoot," as admitted by Brod in his deposition. Brod did not merely consult with Collins and decide to adopt his suggestions, such that Collins' claim to co-authorship could be characterized as one of an "overreaching contributor[ ]." *Aalmuhammed,* 202 F.3d at 1235. Rather, Col-

lins inspired and directed the production. Under these circumstances, he exercised sufficient artistic control over the photographs to be considered a co-author as a matter of law.

### 2. Objective Manifestations to Be Co-Authors

■ Brod also contends that Collins is not an author because they did not make any objective manifestations of their shared intent to be co-authors. To the contrary, he argues, Collins manifested his intent that Brod was to be the sole author of the photographs by giving him sole copyright credit in the published work. However, this pertains only to the intended legal consequences of joint authorship, not their intent to be or not to be co-authors in the joint work. *Cf. Childress v. Taylor,* 945 F.2d 500, 508 (2d Cir.1991).

■ Further, Brod manifested his intent that he and Collins would be co-authors by collaborating with Collins, deferring to Collins' judgment regarding the positioning of the subject televisions and the camera angles prior to taking each picture, indicating to the film processor that the photographs were for use in a 't.v. book,' delivering the transparencies to Collins for the mock-up book, and listing as the completion date 1997, rather than 1991, on the copyright registration form.

We conclude that no reasonable trier of fact could find that Collins was not a co-author of the photographs. Thus, Collins cannot be liable for infringement as a co-owner of the copyright.

### III. ATTORNEY'S FEES

■ Collins cross-appeals the District Court's denial of his motion for attorney's fees. We review a refusal to award attorney's fees under the Copyright Act for an abuse of discretion. *Yount v. Acuff Rose-Opryland,* 103 F.3d 830, 836 (9th Cir.1996).

236

We reverse only if compelled by "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Smith v. Jackson,* 84 F.3d 1213, 1221 (9th Cir.1996).

Under 17 U.S.C. § 505, the district court has broad equitable discretion to award reasonable attorney's fees to the prevailing party in a copyright action. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 535 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). In *Fogerty,* the Supreme Court identified the following nonexclusive factors as among those appropriate for guiding the district court's decision: the degree of success obtained by the prevailing party, frivolousness of the action, motivation of the parties, objective reasonableness of the legal and factual arguments in the case, and need for compensation and deterrence to serve the purposes of the Copyright Act. *Id.; accord Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1229 (9th Cir. 1997).

In this case, the District Court considered the factors listed in *Fogerty* and concluded that an award of fees was not appropriate in this case. Its findings were not clearly in error. First, while Collins did prevail in the action, Brod's claim raised colorable legal and factual issues about the ownership of the photographs. *Stephen W. Boney, Inc. v. Boney Servs., Inc.,* 127 F.3d 821, 827 (9th Cir.1997). Second, there is no evidence that Brod's action was brought in bad faith. His resorting to the legal process was neither malicious nor frivolous, considering that his photographs were published without his knowledge and without an executed contract regarding his share of the profits. Third, the need for compensation and deterrence is not compelling. While Collins may not be a "corporate behemoth," neither is Brod. *Fogerty,* 510 U.S. at 524, 114 S.Ct. 1023. We will not discourage "starving artists" from defending copyrights in original works due to the threat of attorney's fees. *Id.* The District Court was correct to hold that the goals of the Copyright Act do not necessitate an award of attorney's fees.

As a last ditch effort, Collins urges us to reverse based on the Court's failure to consider the "objective unreasonableness" of arguments raised by Brod, but not reached by the Court. However, as the Supreme Court stated in *Fogerty,* "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Id.* at 534, 114 S.Ct. 1023 (quotation marks omitted). The District Court exercised its discretion in light of the appropriate factors.

Because Collins is a co-author of the copyrighted photographs, and thus, not liable for infringement, and because the District Court did not abuse its discretion by declining to award attorney's fees, we affirm.

AFFIRMED.