**SALESTRAQ AMERICA, LLC, Plaintiff,**

v.

**Joseph A. ZYSKOWSKI and Devmarketing, Inc., Defendants.**

**No. 2:08–CV–01368–LRH–LRL.**

United States District Court, D. Nevada.

June 10, 2009.

Steven A. Gibson, Jodi Donetta Lowry, Clary Gibson Lowry LLP, Las Vegas, NV, for Plaintiff.

John R. Benefiel, Amy M. Gamage, Gamage & Gamage, Las Vegas, NV, John R. Benefiel, Law Offices of John R. Benefiel, Birmingham, MI, for Defendants.

1. Refers to the court's docket entry number

2. The court declines Defendants' request to consider materials outside the pleadings and convert their motion into one for summary

*ORDER*

LARRY R. HICKS, District Judge.

Before the court is Defendants Joseph Zyskowski and devMarketing, Inc's motion to dismiss (# 7 [1]). Plaintiff SalesTraq America, LCC ("SalesTraq") filed an opposition (# 12) to which Defendants replied (# 14).

## I. Facts and Procedural History

Because the court considers this case on a motion to dismiss, the complaint's allegations are accepted as true.[2] *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir.2008).

Plaintiff SalesTraq is a business that provides information regarding the locations and features of residential property in the Las Vegas area. Before Sales-Traq's formation, Larry Murphy, Sales-Traq's current managing member, compiled and arranged a wide variety of content concerning residential properties in the Las Vegas area. This content includes properties' floor plans, measurements, architectural features, and locations. Moreover, Murphy added content to the compilation that informs users of the properties' key attributes. The court will refer to the compilation and Murphy's added content as the "Murphy IP."

Murphy assigned the Murphy IP to SalesTraq upon SalesTraq's formation in August 2003. Currently, the Murphy IP includes information on nearly 17,000 different models of residential property in the Las Vegas area. To provide the Murphy IP to interested persons, SalesTraq maintains a website at salestraq.com ("Website"), which grants access to the

judgment. Presently, discovery is still in its early stages, and the evidentiary record appears undeveloped on several important issues.

Murphy IP on a fee-subscription basis. In addition, on or about the first day of each month, SalesTraq provides a CD–ROM or DVD ("Disc") to subscribers, which contains the entire Murphy IP and new content added during the past month.

Defendant Joseph Zyskowski is the president of Defendant devMarketing. In 2007, Zyskowski, purchased a six-month SalesTraq subscription, which allowed Defendants to access the Website and receive monthly Discs. After accessing the Website and receiving at least one Disc, devMarketing established (and currently maintains) a website at devMLS.com. Through its website, devMarketing provides access to content concerning the characteristics of residential properties in the Las Vegas area on a fee-subscription basis. SalesTraq alleges that Defendants' content is similar to the Murphy IP and includes exact reproductions of the content Murphy added to inform customers of properties' key attributes.

On January 2, 2008, SalesTraq asked devMarketing to remove all content from its website that infringes SalesTraq's copyright. After devMarketing failed to do so, SalesTraq filed the present lawsuit.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir.2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949–50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

## III. Discussion

### A. Copyright Infringement

Count One of the complaint alleges Defendants infringed SalesTraq's copyright in the Murphy IP by reproducing and displaying substantially all of the content SalesTraq uses to inform its subscribers of key attributes regarding Las Vegas area properties. Defendants move to dismiss this count on the basis that (1) this court lacks subject matter jurisdiction to consider an infringement action because SalesTraq did not comply with the Copyright Act of 1976's registration requirements, and (2) SalesTraq's allegations fail to state a claim upon which relief can be granted.

#### 1. Registration

Defendants argue that SalesTraq failed to meet 17 U.S.C. § 411(a)'s requirement

of copyright registration prior to initiating a suit for infringement. In pertinent part, § 411(a) states, "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Courts generally agree that § 411(a) creates a condition precedent to a court's exercise of subject matter jurisdiction in an infringement action. *See* 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a] (2008).

■ In the present case, Defendants do not dispute that SalesTraq followed the formalities of filing a deposit, application, and fee with the Copyright Office. Instead, Defendants argue that SalesTraq failed to comply with § 411(a) because it registered a 2008 version of the Murphy IP rather than a 2007 version that Defendants allegedly infringed. The court disagrees. With the exception of dictum in one district court case, *see Shaw v. Lindheim,* 809 F.Supp. 1393, 1402–03 (N.D.Cal.1992), all the authorities cited by Defendants support the proposition that registration of a factual compilation permits a complainant to assert an infringement claim on an underlying work that is owned by the complainant. *See Streetwise Maps, Inc. v. VanDam, Inc.,* 159 F.3d 739, 747 (2d Cir.1998); *Well–Made Toy Mfg. Corp. v. Goffa Int'l Corp.,* 354 F.3d 112, 116 (2d Cir.2003); *Murray Hill Publications, Inc. v. ABC Communications, Inc.,* 264 F.3d 622, 632 (6th Cir.2001). The leading treatise on copyrights is also in accord with this proposition. *See* Nimmer & Nimmer, *supra,* § 7.16[B][2][c] ("[W]hen the same party owns the derivative or collective work plus the underlying elements incorporated therein, its registration of the former is 'sufficient to permit an infringement action on the underlying parts, whether they be new or preexisting.' "). Given the weight of this authority, the court concludes SalesTraq has complied with the registration requirements of 17 U.S.C. § 411(a) as a condition to asserting its infringement claim.

**2. Failure to State a Claim**

Defendants also argue SalesTraq fails to set forth a cognizable copyright infringement claim because the Murphy IP is comprised only of uncopyrightable facts or ideas as opposed to copyrightable expression. The primary authority Defendants rely upon for their argument is the leading case on the fact/expression dichotomy, *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). In *Feist,* a publishing company copied listings from a rural telephone carrier's directory and incorporated those listings into the publisher's directory. *Id.* at 343–44, 111 S.Ct. 1282. The carrier sued the publisher for copyright infringement, claiming that the publisher's directory infringed the carrier's directory. *Id.* at 344, 111 S.Ct. 1282.

On appeal, the Supreme Court held that the carrier's listings were uncopyrightable facts. *Id.* at 361, 111 S.Ct. 1282. The Court began its analysis by noting two well-established propositions: first, facts are not copyrightable; and second, compilations of facts generally are. *Id.* at 344, 111 S.Ct. 1282. The key to resolving this tension, the Court explained, is the requirement of originality, which "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id.* at 345, 111 S.Ct. 1282. This requisite level of creativity, the Court elaborated, is extremely low: "[E]ven a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Id.* (internal quotation marks omitted).

The Court also explained that the originality requirement extends to the law's seemingly disparate treatment of facts and factual compilations:

Factual compilations ... may possess the requisite originality. The compilation author typically chooses which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers. These choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, are sufficiently original that Congress may protect such compilations through the copyright laws. Thus, even a directory that contains absolutely no protectible written expression, only facts, meets the constitutional minimum for copyright protection if it features an original selection or arrangement.

*Id.* at 348, 111 S.Ct. 1282 (internal citations omitted).

Nevertheless, the Court stated, the Copyright Act's protection for factual compilations is necessarily limited:

The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author. Thus, if the compilation author clothes facts with an original collocation of words, he or she may be able to claim a copyright in this written expression. Others may copy the underlying facts from the publication, but not the precise words used to present them.

*Id.* (citation omitted).

The Court also noted the situation "[w]here the compilation author adds no written expression but rather lets the facts speak for themselves...." *Id.* at 349, 111 S.Ct. 1282. Under that scenario,

[t]he only conceivable expression is the manner in which the compiler has selected and arranged the facts. Thus, if the selection and arrangement are original, these elements of the work are eligible for copyright protection. No matter how original the format, however, the facts themselves do not become original through association.

*Id.* (citation omitted).

Thus, the Court explained, "[T]he statute envisions that there will be some fact-based works in which the selection, coordination, and arrangement are not sufficiently original to trigger copyright protection." *Id.* at 358, 111 S.Ct. 1282. Under this formulation, "the vast majority of compilations will pass this test, but not all will. There remains a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent." *Id.* at 359, 111 S.Ct. 1282.

Applying this standard the facts in *Feist*, the Court held that the carrier's telephone listings did not fall within the Copyright Act's protection. While acknowledging that the standard of originality for factual compilations is low, the Court nevertheless found that the carrier failed to meet its burden of showing its listings were copyrightable expression. *See id.* at 362, 111 S.Ct. 1282. In the Court's words, the listings "could not be more obvious: It publishes the most basic information—name, town, and telephone number-about each person who applies to it for telephone service. This is 'selection' of a sort, but it lacks the modicum of creativity necessary to transform mere selection into copyrightable expression." *Id.* The court also found originality lacking in the carrier's coordination and arrangement of facts, as "[t]he white pages do nothing more than list [the carrier's] subscribers in alphabetical order." *Id.* In sum, the court found that constituent elements of the di-

rectory fell short of a "*de minimis* quantum of creativity" because its facts were selected, coordinated, and arranged in a way that "utterly lacks originality." *Id.* at 363–64, 111 S.Ct. 1282.

■ Turning now to the case at bar, the court concludes that the facts alleged in support of SalesTraq's copyright infringement claim meet the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2). Paragraph 10 of the complaint alleges, "Mr. Murphy compiled and arranged a wide variety of content regarding characteristics of different residential properties in the Las Vegas, Nevada geographical area, including those properties' floor plans measurements, architectural features, location information and other characteristics (the 'Base Property Content')." Had SalesTraq alleged only the facts in paragraph 10, the court might agree with Defendants that SalesTraq's complaint does not plausibly allege that the Murphy IP contains copyrightable expression. That is, paragraph 10 does not allege any facts to show that SalesTraq's presentation or arrangement of the Base Property Content has any modicum of creativity as required by *Feist.* Nevertheless, the court need not decide that issue because the complaint's following paragraph sufficiently alleges that the Murphy IP contains copyrightable expression.

Paragraph 11 alleges, "As part of the presentment of the Base Property Content, Mr. Murphy authored additional content (the 'Information Content') informing Base Property Content users of key attributes of each model of residential property in the Base Property Content...." While paragraph 11 does not go into detail about the level of creativity inhering in the Information Content, SalesTraq plausibly alleges the Information Content coordinates or arranges the underlying Base Property Content in such a way that the Information Content possesses a *de minimis* quantum of creativity. In particular, authoring content regarding key attributes of properties implies a greater degree of creativity that the alphabetization rejected in *Feist. See also Urantia Found. v. Maaherra,* 114 F.3d 955, 958–59 (9th Cir.1997) (finding originality in a book's selection and arrangement of celestial revelations). The court therefore concludes SalesTraq has stated a claim for copyright infringement.

## B. Violation of the Computer Fraud and Abuse Act

Defendants also move to dismiss Count Three of SalesTraq's complaint, which alleges fraud under the Computer Fraud and Abuse Act (CFAA) pursuant to 18 U.S.C. § 1030(a)(4). Title 18 U.S.C. § 1030(a)(4) provides,

> Whoever ... knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1–year period ... shall be punished as provided in subsection (c) of this section.

Subsection (g) provides for civil enforcement of 18 U.S.C. § 1030(a)(4).

■ In the present case, SalesTraq alleges Defendants obtained a license to access the Website but exceeded their authorized access by copying content from the Website and using that content for Defendants' commercial use. (Compl.(# 1) ¶¶ 53, 54.) This allegation, however, does not raise a right to relief under 18 U.S.C. § 1030(a)(4). There is a crucial difference between misusing information properly accessed and exceeding one's authorized access to obtain restricted information. This

case falls into the former category, as SalesTraq acknowledges in its complaint that Defendants paid to access the content on SalesTraq's Website. (*See id.* ¶ 20); *see also U.S. Bioservices Corp. v. Lugo*, 595 F.Supp.2d 1189, 1192 (D.Kan.2009) ("[A]ccess to a protected computer occurs 'without authorization' only when initial access is not permitted, and a violation for 'exceeding authorized access' occurs only when initial access to the computer is permitted but the access of certain information is not permitted."). Defendants' motion to dismiss is therefore granted as to Count Three.

## C. State Law Claims

### 1. Preemption

Defendants also move to dismiss SalesTraq's claims for commercial misappropriation, unjust enrichment, and breach of a nonexclusive license on the basis that these claims are preempted by 17 U.S.C. § 301(a), which provides that federal copyright law preempts any other "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright...." *See also Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir.1984).

Preemption analysis under the Copyright Act involves determining whether a state claim contains an element that changes the nature of the action so that it is qualitatively different from a copyright infringement claim. *See Summit Mach. Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439–40 (9th Cir.1993). Under this analysis, if an act of copyright infringement also necessarily violates a state created right, the state created right is preempted. *See id.* at 1440; *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir.1992).

Defendants argue SalesTraq's state claims are preempted by the Copyright Act because each of the state claims merely alleges that Defendants unlawfully copied the Murphy IP. The court disagrees. The Ninth Circuit considered a similar case in *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Service, Inc.*, where the court faced the issue of whether a plaintiff's claims for conversion and unjust enrichment were preempted by the Copyright Act. 958 F.2d 896 (9th Cir.1992). The plaintiff in *Rasmussen* engineered modifications to a DC–8 aircraft that allowed the plane to carry significantly more weight. *Id.* at 899. In order to obtain the FAA's approval for the modifications, however, the plaintiff had to obtain an FAA certificate. *Id.* After the plaintiff succeeded in this endeavor, the defendant used a copy of the plaintiff's FAA certificate to obtain FAA approval for its own modified DC–8. *Id.* at 899–900.

On appeal, the Ninth Circuit held that the plaintiff's unjust enrichment and conversion claims were not preempted. The court reasoned that were the plaintiff claiming an exclusive right to copy the FAA certificate, which was an uncopyrightable government form, his claim would be preempted by the Copyright Act. *Id.* at 904. The court, however, distinguished the plaintiff's claims from the mere act of copying:

> Enforcement of [the plaintiff's] property right in his [certificate] leaves [the defendant] free to make as many copies of the certificate as it wishes.... That [the defendant] is prevented from then using these copies to obtain an airworthiness certificate from the FAA does not interfere in any way with the operation of the copyright laws.

*Id.* Thus, the court made a key distinction between a claim for improper copying of the certificate—which would be preempted—and a claim for improper use of the certificate—which was not preempted.

In the present case, SalesTraq's state claims allege, not only that Defendants copied the Murphy IP, but also that Defendants used the Murphy IP for their own commercial benefit in violation of state law. Thus, under *Rasmussen*, SalesTraq's allegations change the nature of its state claims so that they are qualitatively different from a copyright infringement claim. SalesTraq's state claims are therefore not preempted by the Copyright Act.

### 2. Failure to State a Claim

Defendants also move for dismissal of SalesTraq's state claims on the basis that they fail to state a claim upon which relief can be granted. Defendants first argue the state claims must fail because they all reference a September 2008 edition of the Murphy IP rather than a 2007 edition from which Defendants claim they copied. Defendants' argument is without merit. Although SalesTraq's state claims do reference the September 2008 edition, the complaint's allegations can also be plausibly read to allege Defendants' misuse of an earlier edition. (*See* Compl. (# 1) ¶¶ 20–26.)

Defendants also attack the sufficiency of SalesTraq's breach of a nonexclusive license claim on the basis that it fails to allege an explicit agreement limiting Defendants' use of the Website's content. Again, Defendants' argument is not well-taken. Even if the terms of SalesTraq's license were not explicitly stated, SalesTraq allegations suffice to state a claim for an breach of an implied license agreement. *Smith v. Recrion Corp.*, 91 Nev. 666, 541 P.2d 663, 665 (1975) (discussing elements of a claim for breach of an implied contract).

### IV. Conclusion

SalesTraq's allegations concerning the character of the Murphy IP suffice to show that the Murphy IP is at least partially comprised of copyrightable expression.

SalesTraq has therefore stated a claim for copyright infringement.

Because SalesTraq's CFAA count does not allege Defendants accessed restricted information in an unauthorized manner, SalesTraq has failed to allege facts to support a claim under 18 U.S.C. § 1030(a)(4).

Finally, because SalesTraq's state claims allege that SalesTraq improperly used the Murphy IP, these claims are not preempted by the Copyright Act. SalesTraq's state claims also state a claim for relief under Federal Rule of Civil Procedure 8(a)(2).

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (# 7) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.