FILED

**NOT FOR PUBLICATION**

NOV 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMIR CYRUS AHANCHIAN, an individual, | No. 08-56667 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-06295-JFW-E |
| v. | MEMORANDUM[*] |
| XENON PICTURES, INC., a Delaware corporation; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| AMIR CYRUS AHANCHIAN, an individual, | No. 08-56906 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-06295-JFW-E |
| v. | |
| XENON PICTURES, INC., a California corporation; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

John F. Walter, District Judge, Presiding

Argued and Submitted February 2, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Amir Cyrus Ahanchian appeals the district court's grant of summary judgment in favor of Xenon Pictures, Inc., CKrush, Inc., Sam Maccarone, and Preston Lacy ("defendants") over the authorship of certain skits portrayed in *National Lampoon's TV: The Movie* ("movie") in Appeal No. 08-56667. He also appeals the ensuing award of attorneys' fees in Appeal No. 08-56906. Because genuine issues of material fact exist as to Ahanchian's implied contract and copyright claims, we reverse in part and affirm in part. *See Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1029 (9th Cir. 2008). Accordingly, we vacate the award of attorneys' fees and costs.

I.

Both in his opposition to summary judgment and during argument on appeal, Ahanchian conceded that his Lanham Act claims are foreclosed by the Supreme Court's holding in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). Accordingly, we affirm the district court's grant of summary judgment as to Ahanchian's Lanham Act claims.

II.

The district court erred in granting summary judgment on Ahanchian's implied contract claim because genuine issues of material fact exist as to that claim. Viewing the facts in the light most favorable to Ahanchian, as we must, we conclude that they establish a course of conduct revealing an implied promise to pay. *See Gomez v. Lincare, Inc.*, 173 Cal. App. 4th 508, 525 (Ct. App. 2009); *Spinelli v. Tallcott*, 272 Cal. App. 2d 589, 595 (Ct. App. 1969).

Ahanchian's implied contract claim is not barred by the two year statute of limitations. *See* Cal. Civ. Proc. Code § 339(1) (two year statute of limitations begins running upon "discovery of the loss or damage suffered by the aggrieved party"). Without a breach of the contract, there can be no loss or damage for the injured party to discover. *Cf. E.O.C. Ord., Inc. v. Kovakovich*, 200 Cal. App. 3d 1194, 1203 (Ct. App. 1988) ("[A] cause of action based upon a breach of contract accrues at the time of the breach."). Here, the alleged breach occurred when Ahanchian's skits were included in the movie and he was not paid for them. Before Ahanchian viewed the movie, he could not reasonably have known of the breach or resulting harm. Thus, crediting Ahanchian's testimony that he first viewed the movie in September 2006, his implied contract claim, which was filed on September 17, 2007, is timely. *See Cornwell v. Electra Cent. Credit Union*, 439

3

F.3d 1018, 1033 (9th Cir. 2006) (non-movant's testimony is credited for purposes of summary judgment); *Amen v. Merced County Title Co.*, 375 P.2d 33, 36 (Cal. 1962) (cause of action accrues when party knows or should have known of the claimed injury).

III.

Genuine issues of material fact also preclude summary judgment as to the question of joint authorship of the skits. In November 2006, Ahanchian filed certificates of registration for ten skits and claimed sole authorship of nine. These certificates are "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Defendants argue that undisputed facts demonstrate that Ahanchian, at most, co-authored the skits with them, and, as co-authors they cannot be liable for copyright infringement.[1] *Oddo v. Ries*, 743 F.2d 630, 632–33 (9th Cir. 1984) ("A co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright.").

The movie is a collection of independent comedic skits. Thus, the movie is a collective work, *see* 17 U.S.C. § 101, and there exists a distinct copyright interest

---

[1]Defendants also assert that Ahanchian's registrations in the skit should be invalidated because of his misrepresentation of sole authorship. *See Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir. 1989). Both arguments, however, turn on the same question: Is there a genuine dispute as to whether Ahanchian solely authored the skits?

4

in each skit which vests in its author. *See id.* § 201(c); *Andy Warhol Found. for the Visual Arts v. Fed. Ins. Co.*, 189 F.3d 208, 217 (2d Cir. 1999). Defendants assert that the movie is a "joint work," 17 U.S.C. § 101. To succeed, they must show that they jointly authored the individual skits, as they recognized before the district court.

As to one of the skits at issue, "Sex and the Pen," the certificate of registration states that it was co-written by Maccarone and Lacy, and Ahanchian so alleges. Therefore, the district court correctly granted summary judgment against Ahanchian on Ahanchain's "Sex and the Pen" claim of infringement.[2] *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996); *Oddo*, 743 F.2d at 632–33.

As to the remaining nine skits, however, whether defendants made any independently copyrightable contributions to the skits, an important threshold requirement for joint authorship, is hotly disputed. *See Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008). Ahanchian testified that defendants' contributions to the skits were limited to the suggestion of a specific character name in two and the term "I-talians" in a third. In addition, Ahanchian testified that after he read the skits he authored to the defendants, they reacted with

---

[2]Ahanchian's counsel also conceded that the skit "Space Truckers" was co-authored with Maccarone and Lacy. However, Ahanchian's complaint does not allege copyright infringement of "Space Truckers."

5

statements such as, "'Yes,' 'No,' 'Go back to it,' that kind of thing." However, such "[i]deas, refinements, and suggestions" are insufficient to establish joint authorship. *Janky v. Lake County Convention & Visitors Bureau*, 576 F.3d 356, 363 (7th Cir. 2009); *see also Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) (holding that certain "substantial" and "valuable contributions" were nonetheless not copyrightable contributions).

Genuine issues of material fact also exist as to the critical factors for determining joint authorship set forth in *Aalmuhammed v. Lee*, 202 F.3d 1227, 1234 (9th Cir. 2000). First, it is disputed whether Ahanchian or defendants displayed "objective manifestations of a shared intent to be coauthors" of the skits. *Id.* Second, Ahanchian testified that he was the sole "'inventive or master mind'" who "'creat[ed], or [gave] effect to the idea'" contained in the disputed skits. *Id.* (quoting *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884); *see also Richlin*, 531 F.3d at 968(recognizing that this factor will frequently be the most important). Ahanchian asserts he maintained control over the development and actual composition of the skits. Finally, given the defendants' limited contribution as described by Ahanchian, the "audience appeal" of the skits derives solely from Ahanchian's contributions. *Aalmuhammed*, 202 F.3d at 1234.

6

Ahanchian's account of the origin and development of the disputed skits is contested by Maccarone's deposition testimony and the testimony of the only non-party present at the formative meetings among Ahanchian, Maccarone, and Lacy. However, at the summary judgment stage we must view the evidence and all justifiable inferences in the light most favorable to Ahanchian. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). Therefore, defendants failed to demonstrate the absence of genuine issues of material fact as to Ahanchian's copyright infringement claims.

## IV.

In appeal No. 08-56667, we therefore **AFFIRM** the district court's grant of summary judgment as to Ahanchian's Lanham Act claim and copyright infringement claim based solely on the "Sex and the Pen" skit. We **REVERSE** the district court's grant of summary judgment as to the implied contract claim and the remainder of the copyright infringement claims and **REMAND** this action to the district court for further proceedings consistent with this memorandum. Accordingly, we **VACATE** the district court's award of attorney's fees in appeal No. 08-56906.

**APPEAL NO. 08-56667: Affirmed in part; reversed and remanded in part; each side shall bear its own costs of appeal.**

7

**APPEAL NO. 08-56906: Vacated; Defendants shall bear the costs of this appeal.**