**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALMUT REINICKE, | No. 14-56467 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-01405-GPC-KSC |
| v. | |
| CREATIVE EMPIRE, LLC, a Michigan limited liability company, DBA Mangolanguages.com; and DOES, 1-10, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted August 29, 2016
Pasadena, California

Before: KOZINSKI and BYBEE, Circuit Judges, and WALTER, Senior District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

The parties agree that the Ninth Circuit's test for whether an implied, nonexclusive copyright license can be granted is set forth in *Asset Marketing Systems, Inc. v. Gagnon*, 542 F.3d 748, 754–55 (9th Cir. 2008). "Generally, a 'copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement' and can sue only for breach of contract." *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999) (quoting *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998)), *overruling on other grounds recognized by Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011); *see also Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 (9th Cir. 1990) (holding that an implied grant of a nonexclusive license to use a copyrighted work precludes a copyright infringement claim).

Here, the dispute centers around Reinicke's intent. "The relevant intent is [Reinicke's] objective intent at the time of the creation and delivery of the [work] as manifested by the parties' conduct." *Asset Mktg.*, 542 F.3d at 756 (citations omitted). Reinicke was initially hired for a small translation project; then retained for Mango 1.0 pursuant to a written agreement; and finally, retained for Mango 2.0, with compensation on an hourly basis. It is undisputed that there was no written contract pertaining to the Mango 2.0 work. Further, Reinicke's failed requests to execute a contract focused on payments *for Mango's use* of her work,

not on any limitations of such use. This case is thus distinguishable from a case where unsuccessful efforts to execute a contract weighed against a finding of intent, because negotiations expressly involved retention of the copyright and limitation on use of the copyrighted work. *See Johnson v. Jones*, 149 F.3d 494, 498 (6th Cir. 1998); *id.* at 500 ("[E]very objective fact . . . points away from the existence of an implied license.").

The record reflects that the sole and express purpose of Reinicke's work was its use in Mango 2.0. Regardless of the Mango 2.0 compensation terms, Reinicke wanted Mango to use and distribute her work, in order to drive overall Mango sales, from which Reinicke would benefit under the Mango 1.0 commission agreement. In developing and submitting language content intended for distribution which, if distributed, would infringe her copyright, Reinicke gave Mango an implied license to use her work. *See Oddo v. Ries*, 743 F.2d 630, 633–34 (9th Cir. 1984). And, despite failing to execute a commission-based agreement, Reinicke continued to create and deliver the work, at Mango's request, without ever stating that Mango's use thereof was contingent upon her receipt of commission payments. *See Asset Mktg.*, 542 F.3d at 757.

Although Reinicke concedes that the relevant inquiry is one of objective, rather than subjective, intent, she nonetheless contends that Mango made false

3

promises of commission payments which fraudulently induced her to create and deliver the work. Thus, Reinicke argues that principles of California contract law apply to vitiate her consent to grant an implied license. A thorough review of the parties' communications belies Reinicke's claims. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("[A party] cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact."). Therefore, determining whether fraudulent inducement can vitiate intent in this context is wholly unnecessary, because there is insufficient evidence to support a finding of fraud.

Every objective fact, as manifested by Reinicke's conduct, supports a finding that an implied license existed. *See Asset Mktg.*, 542 F.3d at 756 (citing *Effects*, 908 F.2d at 559 n.6). The district court correctly found that Reinicke granted Mango an implied license, which precluded this copyright infringement suit.

**AFFIRMED.**