**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOOFLY PRODUCTIONS, LLC, a California Limited Liability Company, | No. 15-56136 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:13-cv-05866 SJO PJW |
| HELENA PASQUARELLA; RALEIGH WILLIAM SOUTHER, individually; THOMAS JOEL, individually; JOEL MEDIA GROUP, INC., an Arizona corporation, | MEMORANDUM[*] |
| Counter-defendants-Appellees. | |
| v. | |
| SANDRA CORRALAS FAVILA; ESTATE OF RICHARD CHARLES CORRALES, | |
| Defendants-counter-claimants-Appellants, | |
| MOTION GRAPHIX, INC., a California Corporation in Dissolution, | |
| Counter-claimant-Appellant. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MOOFLY PRODUCTIONS, LLC, a
California Limited Liability Company,

        Plaintiff,

v.

SANDRA FAVILA,

        Defendant,

 and

ESTATE OF RICHARD C. CORRALES;
MOTION GRAPHIX, INC.,

        Defendants-counter-
        claimants-Appellants,

 v.

THOMAS JOEL; JOEL MEDIA GROUP,
INC., an Arizona corporation,

        Counter-defendants-
        Appellees.

No.   15-56702

DC No.
2:13-cv-05866 SJO PJW

Appeals from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted March 7, 2017
Pasadena, California

Before:   REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

The Corrales Estate ("Estate") and its executrix, Sandra Favila ("Favila") appeal the dismissal of their copyright infringement counterclaim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** The rulings of the California Court of Appeal and Los Angeles County Superior Court in *Favila v. Souther* awarded 51% of the subject copyrights to the Estate. The remaining 49% interest in the copyrights either remained with Raleigh Souther ("Souther") or with Souther's transferee, Get Flipped, Inc. ("GFI"). "A co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright." *Oddo v. Ries*, 743 F.2d 630, 632-33 (9th Cir. 1984). As co-owner of the copyrights, Souther or GFI was further entitled to grant non-exclusive licenses to the other Appellees. *See Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir. 2008); *Oddo*, 743 F.2d at 633.[1]

The defenses of co-ownership and license were not forfeited by their omission from Appellees' pleadings. This Court has "liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading." *Rivera v.*

---

[1] The question of how any profits from such licenses should be accounted for or distributed, *see, e.g., Corbello v. DeVito*, 777 F.3d 1058, 1062 (9th Cir. 2015), is not before us, all non-copyright claims having been remanded back to state court.

*Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). A defendant may raise an affirmative defense for the first time in a summary judgment motion so long as there was no prejudice to the plaintiff. *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am*, 679 F.2d 803, 804 (9th Cir. 1982). The district court permitted Appellants ample opportunity to brief the co-ownership and license defenses before their counterclaim was dismissed. There was thus no prejudice.

2.      Attorney's fees were properly awarded to Appellees Joel and Joel Media Group, Inc., as the prevailing parties on the copyright counterclaim. 17 U.S.C. § 505.

•  ●  •

For the foregoing reasons, the district court's dismissal of Appellants' copyright infringement counterclaim and its award of attorney's fees are

**AFFIRMED.**