**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAFAEL AGUILERA,
　　　　　　*Plaintiff-Appellant,*

v.

ALASKA JURIS F/V, O.N. 569276,
　　　　　　　　*Defendant,*

and

FISHING COMPANY OF ALASKA, INC;
et al.,

　　　　　　*Defendants-Appellees.*

No. 07-35148

D.C. No.
CV-05-01902-JLR

OPINION

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted July 9, 2008*
Seattle, Washington

Filed August 4, 2008

Before: Richard R. Clifton and N. Randy Smith,
Circuit Judges, and Brian E. Sandoval,** District Judge.

Opinion by Judge N. Randy Smith

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

**COUNSEL**

John W. Merriam, Seattle, Washington, counsel for the appellant.

Michael A. Barcott, Seattle, Washington, counsel for the appellees.

**OPINION**

N. RANDY SMITH, Circuit Judge:

We hold that maintenance and cure payments are subject to withholding for child support obligations, so long as those payments constitute income under relevant state law. The district court therefore correctly held that Rafael Aguilera's maintenance and cure payments are subject to withholding pursuant to a Texas child support order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**I.**

Aguilera was injured on May 1, 2004, while working onboard the F/T Alaska Juris, a factory trawler fishing vessel. At the time of his injury, Aguilera was employed by the Fishing Company of Alaska ("FCA"). As a result of his injury, FCA began paying Aguilera maintenance and cure in the amount of $20 per day. Shortly thereafter, FCA began withholding $10 per day from those payments in satisfaction of a child support order that FCA received from the state of Texas ("Order"). The Order stated that FCA was "required by law" to deduct $241 per month from Aguilera's "income."

Aguilera filed a complaint against FCA for additional maintenance and cure payments. Aguilera alleged that he was entitled to the additional payments because FCA improperly deducted $10 from the $20 per day to which he was entitled. Aguilera next filed what we perceive to be a motion for partial summary judgment styled as a "Motion for an Order Declaring that Child Support Not be Deducted from Maintenance." The district court denied the motion, after concluding that Aguilera's maintenance and cure payments were subject to withholding under the Order.

## II.

We review the district court's denial of Aguilera's motion for partial summary judgment de novo. *See Amdahl Corp. v. Profit Freight Sys. Inc.*, 65 F.3d 144, 146 (9th Cir. 1995). We may affirm on any basis supported by the record. *See E. & J. Gallo Winery v. EnCana Corp.*, 503 F.3d 1027, 1049 (9th Cir. 2007).

## III.

**[1]** Under principles of general maritime law, seamen are "entitled to 'maintenance and cure' from their employer for injuries incurred 'in the service of the ship[.]' " *Sentry Select Ins. Co. v. Royal Ins. Co. of Am.*, 481 F.3d 1208, 1214 n.1 (9th Cir. 2007) (quoting *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995)). "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962).

**[2]** The district court held that state law, instead of maritime law, governed the question whether Aguilera's maintenance and cure payments were subject to attachment under the Order. This holding was correct under applicable federal

law. Congress stated in 28 U.S.C. § 1738B(h)(2) that "[i]n interpreting a child support order including the duration of current payments and other obligations of support, a court shall apply the law of the State of the court that issued the order." We reject as unfounded Aguilera's suggestion that maritime law excepts maintenance and cure payments from this general rule. Congress expressly recognized that a seaman's wages are subject to attachment under a valid support order. *See* 46 U.S.C. § 11109(a) ("Wages . . . are not subject to attachment . . . , *except for* an order of a court about the payment by a master or seaman of *any part of the master's or seaman's wages for the support and maintenance of the spouse or minor children* of the master or seaman, or both." (emphasis added)). We find no reasoned basis to distinguish between a seaman's wages and a seaman's maintenance and cure payments for purposes of satisfying a valid child support obligation.

**[3]** As noted, the Order was issued under Texas law. Therefore, it was appropriate to interpret Texas law when determining whether the maintenance and cure payments are subject to withholding under the Order. *See* 28 U.S.C. § 1738B(h)(2). Texas law requires courts to calculate "resources" for purposes of determining child support liability. *See* Tex. Fam. Code Ann. § 154.062(a). "Resources" are defined broadly under Texas law to include "all other income actually being received, including . . . disability and workers' compensation benefits . . . ." *Id.* § 154.062(b)(5). The only items that a court may deduct to calculate the "net resources" that are subject to withholding are (1) social security taxes; (2) federal income taxes; (3) state income taxes; (4) union dues; and (5) health insurance expenses or cash medical support for the obligor's child pursuant to court order. *Id.* § 154.062(d). Notably, Texas law does not exclude maintenance and cure payments from its definition of "resources."

**[4]** In light of this broad definition, the district court correctly denied Aguilera's motion seeking a ruling that his

maintenance and cure payments did not constitute income. Therefore, FCA acted appropriately when it withheld portions of those payments in order to satisfy its duties under the Order.

**AFFIRMED.**