**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FALCON ENTERPRISES, INC., et al., | No. 09-56468 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-08304-GW |
| v. | |
| PUBLISHERS SERVICE, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 10, 2011**
Pasadena, California

Before: RYMER, TROTT, Circuit Judges, and MCNAMEE,*** Senior District Judge.

Falcon Enterprises, Inc. ("Falcon") appeals the district court's: (1) decision

after a bench trial that Publishers Service, Inc. ("Publishers") was not liable for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

copyright infringement and (2) denial of Falcon's motion for partial summary

judgment. We affirm.

First, Falcon contends that the district court erred by rejecting its copyright

infringement claim after finding that Falcon impliedly granted Publishers a

nonexclusive license to publish its images.[1] Following a bench trial, we review the

district court's findings of fact for clear error. See Zivkovic v. S. Cal. Edison Co.,

302 F.3d 1080, 1088 (9th Cir. 2002). We also apply the clear error standard to

factual inquiries that apply the law to the facts. Saltarelli v. Bob Baker Grp. Med.

Trust, 35 F.3d 382, 384 (9th Cir. 1994) We review de novo the district court's

conclusions of law. Id. at 385.

A copyright owner has the sole rights to copy, distribute, or display its

copyrighted work. 17 U.S.C. § 106 (2006). Transfers of copyright ownership,

including when a copyright owner exclusively licenses the copyrighted work to

another, must be in writing. Id. §§ 101, 204(a). However, a nonexclusive license is

not considered a transfer of ownership under § 101 and may be agreed to orally or

implied through conduct. See Effects Assocs., Inc. v. Cohen, 908 F.2d 555, 558

(9th Cir. 1990); Oddo v. Ries, 743 F.2d 630, 634 (9th Cir. 1984). "Generally, a

---

[1]The parties are familiar with the factual and procedural history of this case
and we do not recount it in detail here.

'copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement' and can sue only for breach of contract." Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1121 (9th Cir. 1999) (quoting Graham v. James, 144 F.3d 229, 236 (2d Cir. 1998)); 3 Nimmer on Copyrights § 10.15[A][1].

This Court held in Effects that an implied grant of a nonexclusive license to use a copyrighted work precludes a copyright infringement claim. 908 F.2d at 559. Both Effects and this case involved copyrighted material delivered to a recipient with the intent that the recipient copy and distribute it. See id. at 555-56. In both cases, the recipient allegedly used the material without full payment. See id. Although Falcon did not produce its content at Publishers' specific request, as was the case with the parties in Effects, for years Falcon sent images to satisfy Publishers' ongoing demand for content and Publishers regularly published the content that Falcon supplied. Id. at 558-59.

The parties' conduct demonstrates that Falcon granted Publishers an ongoing nonexclusive implied license to use its content for a fee. See id. at 558-59. Falcon's claim that Publishers needed an express license for each image that Publishers published is contradicted by the frequent and informal interactions between the parties. Most images that Falcon submitted to Publishers, including the sets that

Falcon based its copyright infringement lawsuit on, were previously published "second rights" images worth little and offered to Publishers without any restrictions or promises of exclusivity. Falcon never declined to give Publishers a nonexclusive license to publish its images, which supports Publishers' contention that over time Falcon had granted it an implied license. As Publishers owed Falcon payment only after it published Falcon's copyrighted images, its obligation to pay constituted a covenant, rather than a condition precedent that would give rise to a copyright infringement lawsuit. See Effects, 908 F.2d at 558-59. Effects controls here and the district court correctly found that Publishers was not liable for copyright infringement because Falcon granted Publishers an implied nonexclusive license to publish its images. See id. at 559.  The district court correctly characterized Publishers' failure to pay Falcon after publication as a contract breach and awarded Publishers all damages to which it was entitled.[2]

Second, Falcon contends that the district court erred by dismissing Falcon's

---

[2]Falcon also contends that Publishers would have been liable for copyright infringement had Publishers' responses to Falcon's First Set of Requests for Admissions been deemed admitted. Falcon's requests sought an admission that Publishers "did not issue a purchase order to Plaintiff Falcon to obtain a license from Plaintiff Falcon that would permit the publication of the depiction[s]." This inquiry was only relevant to whether Publishers had obtained an *express license* to publish the images. By contrast, the district court correctly held that Publishers had an *implied license* to publish Falcon's images.

Motion for Partial Summary Judgment despite Publishers' untimely responses to Falcon's First Set of Requests for Admissions. We review a denial of partial summary judgment de novo. See Aguilera v. Alaska Juris F/V, O.N. 569276, 535 F.3d 1007, 1009 (9th Cir. 2008). Evidentiary rulings made in the summary judgment context are reviewed for abuse of discretion. Fonseca v. Sysco Food Serv. of Ariz., Inc., 374 F.3d 840, 845 (9th Cir. 2004).

A district court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, demonstrate that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party must identify "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The Central District of California requires all summary judgment motions to include a statement of undisputed facts. C.D. Cal. R. 56-1.

The district court appropriately denied Falcon's Motion for Partial Summary Judgment without prejudice based on its findings that Falcon failed to properly serve the motion and to offer sufficient evidentiary support by neglecting to submit

a statement of undisputed facts or the First Set of Requests for Admissions. <u>See</u> Fed. R. Civ. P. 56; C.D. Cal. R. 56-1. The district court's reasons for denying Falcon's Motion for Partial Summary Judgment were unrelated to whether or not Falcon's First Set of Requests for Admissions were deemed admitted. <u>See</u> <u>id.</u> Falcon's argument that the district court erred by denying its Motion for Partial Summary Judgment without prejudice is without merit.

**AFFIRMED**.